```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                              :
HUMBERTO LOZADA, individually and on behalf of all            :
others similarly situated,                                    :
                                                              :
                              Plaintiff,                      :      22 Civ. 1479 (JPC)
                                                              :
               -v-                                            :      ORDER
                                                              :
TASKUS, INC. et al.,                                          :
                                                              :
                              Defendants.                     :
                                                              :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Complaint in this class action, initially filed February 23, 2022, *see* Dkt. 1, alleges that a publicly traded corporation, TaskUs, Inc. ("TaskUs"), and three of its executives defrauded members of the public who purchased TaskUs securities, Dkt. 5 ("Complaint") ¶¶ 67-77. On the same date, the law firm of Bleichmar Fonti & Auld LLP ("Bleichmar"), which serves as counsel to Humberto Lozada, a member of the purported class seeking compensation in this action, issued a press release through the newswire service ACCESSWIRE announcing that the action had been commenced and describing the allegations made therein. Dkt. 15-2. As explained in the press release, *see id.*, any member of the purported class could move the Court for appointment as Lead Plaintiff by the first business day after sixty days from the publication of the press release—in this case, by April 25, 2022. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Only one such motion was filed by that date, which sought the appointment of Lozada as Lead Plaintiff and Bleichmar as Lead Counsel. Dkt. 13. For the reasons that follow, the Court grants that motion.

In a class action arising under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a-78qq, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class

members," whom the law refers to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). That provision further sets forth the procedures that a court must employ in order to identify the most adequate plaintiff.  In particular, the court must "adopt a presumption that the most adequate plaintiff" is the "person or group of persons" who satisfy three conditions.  *Id.* § 78u-4(a)(3)(B)(iii)(I).  First, the most adequate plaintiff must have either filed the complaint or moved for appointment as Lead Plaintiff.  *Id*. § 78u-4(a)(3)(B)(iii)(I)(aa).  Second, the most adequate plaintiff must, in the determination of the court, have the largest financial interest in the relief sought by the class.  *Id*. § 78u-4(a)(3)(B)(iii)(I)(bb).  Third, the most adequate plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *Id*. § 78u-4(a)(3)(B)(iii)(I)(cc).

Lozada satisfies these conditions.  First, he has both filed the Complaint, *see* Complaint at 1, and moved for appointment as Lead Plaintiff, *see* Dkt. 13.  Second, in the Court's determination he is the person or group of persons with the largest financial interest in the relief sought by the class:  he is the *only* person or group of persons who has moved for appointment as Lead Plaintiff, and thus there could not be any other person or group of persons with a larger financial interest. *See* Newberg and Rubenstein on Class Actions § 22:41 ("In the single applicant situation, that applicant obviously has the largest financial interests among the applicants, as it is the only applicant.").  Finally, he satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.

Among other requirements, Rule 23 imposes two that a representative party must meet in order to sue on behalf of a class:  the representative party's claims and defenses must be "typical of the claims or defenses of the class," and he must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).  The typicality requirement is satisfied when the representative party's claims "arise from the same course of events" as those of the rest of the class, and when he

"makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  Lozada's claims do not differ in any material respect from those of any other member of the class:  like them, he alleges that he purchased TaskUs securities at a price allegedly inflated by Defendants' fraudulent misrepresentations, and he alleges that he suffered injury when the value of the securities declined, allegedly because the market became aware of the accurate information about TaskUs that Defendants allegedly concealed.  *See* Complaint ¶¶ 5-13; Dkt. 15-3.  The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).  Each of these three requirements are met.  The Court is aware of no condition that would give rise to a conflict between Lozada's interests and the interests of other class members:  all seek to maximize the recovery paid to owners of TaskUs securities by Defendants for their alleged misrepresentations concerning TaskUs's business and financial prospects.  Furthermore, Lozada's alleged losses of over $300,000, *see* Dkt. 15-3, easily constitute a sufficient interest in the outcome of this case to secure his vigorous advocacy on behalf of the class.  Finally, Bleichmar is an experienced plaintiffs' firm with an active securities practice. *See generally* Dkt. 15-4.

      Thus, Lozada satisfies the various requirements that he must meet to benefit from the statutory presumption that he is the most adequate plaintiff: he has filed the Complaint and moved to be appointed Lead Plaintiff, he has the largest financial interest in the relief sought by the class, and he both advances claims typical of the class and will fairly and adequately protect the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  That presumption, to be sure, is rebuttable rather than conclusive.  But it may be rebutted "only upon proof by a member of the purported

plaintiff class." *Id.* § 78u-4(a)(3)(B)(iii)(II). And since no plaintiff (nor any other party) has offered any proof to rebut the presumption that Lozada is the most adequate plaintiff, the presumption has not been rebutted. Consequently, the Court finds that Lozada is the most adequate plaintiff and therefore appoints him Lead Plaintiff, as required by law. *See id.* § 78u-4(a)(3)(B)(i).

Having been appointed Lead Plaintiff, Lozada is vested with the authority to select Lead Counsel for the class: "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v). As courts in this District have held, though this provision does envision some role for the court in supervising the selection of Lead Counsel, it "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013). For that reason, courts routinely grant their approval when a Lead Plaintiff selects as Lead Counsel a law firm experienced in the type of class actions for which it has been retained. *See, e.g.*, *Denny v. Canaan, Inc.*, No. 21 Civ. 3299 (JPC), 2021 WL 5847647, at *5 (S.D.N.Y. Dec. 9, 2021). The Court has reviewed Bleichmar's firm resume, which sets forth its extensive experience representing plaintiffs in class actions and profiles the partners and other attorneys who have led those representations. *See generally* Dkt. 15-4. Consequently, the Court grants approval for Lozada's choice of Lead Counsel.

The Court therefore appoints Lozada as Lead Plaintiff and Bleichmar as Lead Counsel in this case. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 13.

SO ORDERED.

Dated: October 20, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4