NADfLOZc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HUMBERTO LOZADA,

                Plaintiff,

          v.                          22 Cv. 1479 (JPC)

TASKUS, INC. *et al*,

                Defendants.
                                      Telephone Conference
------------------------------x
                                      New York, N.Y.
                                      October 13, 2023
                                      12:00 p.m.

Before:

                HON. JOHN P. CRONAN,

                                      District Judge


                    APPEARANCES

BLEICHMAR FONTI & AULD LLP
     Attorneys for Plaintiff
BY:  EVAN A. KUBOTA
     JOSEPH A. FONTI

SIMPSON THATCHER & BARTLETT LLP
     Attorneys for Defendant TaskUs, Inc.
BY:  JONATHAN K. YOUNGWOOD
     MEREDITH D. KARP

NADfLOZc

(Case called; appearances noted)

THE COURT:  My understanding is that the parties have had some discussions and there's something that you wish to report to me.

MR. FONTI:  That's correct, your Honor.

As we spoke a couple weeks ago about the Supreme Court's granting certain new Macquarie case, while the plaintiffs still feel strongly about our arguments that there's a need for a stay and that the omission claims under items 303 and 101 don't alter the scope of the case to warrant a stay, we also appreciate that defendants have their own arguments on that issue, and we certainly understand the Court's position and the uncertainty around what the Supreme Court will do.

Nobody has a crystal ball as to how Macquarie would impact this case.  Reflecting extensively on what your Honor indicated and having an opportunity to think about it ourselves, we tried to impose what we think is a practical solution, and we've had some very productive discussions with Mr. Youngwood and Ms. Karp and have conferred extensively and propose, and we would enter into a stipulation, an agreed upon stipulation that would dismiss with prejudice the omission claims under items 303 and item 101, for both the 33 Act and the 34 Act.

And we think that is consistent with our position that the scope of the case does not change.  It allows Macquarie to

pass for a ruling on what remains, the affirmative misstatements and the half-truths that are alleged and are the focus of our complaint and briefing as well, and, I think, resolves this issue about a stay without the Court needing to intervene, and we can move forward in an efficient manner.

So we want to apprise the Court of that, and if the Court is amenable to it, we would execute the stipulation and have it on file today.

THE COURT:  I just want to make sure I understood you correctly, Mr. Fonti.

You said it will be dismissal with prejudice as to claims relating to 101 and 303?

MR. FONTI:  Yes.

303 and 101 under both the 33 Act and the 34 Act.  The stipulation specifies which paragraphs of the complaint those would be, and it would be with prejudice; correct.

THE COURT:  Thank you.

Mr. Youngwood, anything you wish to add to that?

MR. YOUNGWOOD:  No.

I think that's the substance of the agreement.  I'll obviously put the arguments to the side as to what would remain after that.  I think you have the briefing on that.

The only slight correction I will give is, we're doing the best we can to get signed off on the proposed stipulation from our clients today.  They are in conceptually in agreement,

NADfLOZc

or we wouldn't make the proposal.  We just need to get responses from different clients.

So if it can't be today, we would expect to submit the stipulation on Monday, but I am quite confident that we will reach agreement on a proposed stipulation.

THE COURT:  That sounds fine to me.

If something is not filed by a week from today, by October 20, just send me a status letter as to where things are; okay?

MR. YOUNGWOOD:  And your Honor, I assume this relieves the parties from the briefing schedule of the letters that would otherwise be due on Monday.

THE COURT:  Correct.  Absolutely.

You'll have nothing to have a rebuttal against.

And with respect to the motions to dismiss, it would seem to be that there would be no need for any changes to the briefing, and I could resolve the motion in light of the stipulation based on the current briefing, but do either of the two of you feel differently?

MR. FONTI:  For plaintiffs, your Honor, no, we don't feel differently, and we thought that was a way to deal with the issue efficiently, and you have everything you need from us on the remaining issues.

MR. YOUNGWOOD:  Your Honor, I am sure we both would have written the briefs slightly differently if this part of

NADfLOZc

the argument hadn't been there, but I think we had thorough briefs and you allowed us time for a thorough argument, so I think I say, unless there's something that, as you return to the case, that warrants supplemental anything, I think we're all content to rest on the arguments in the briefs.

THE COURT:  That makes sense to me as well.

If, for some reason, when I go back to it without the item 303 and item 101 aspects, there's something that I think I need further briefing on, I will let you know.

But unless you hear otherwise, you can assume that I do not need anything else.  And once a stipulation is filed, I'll also then lift the stay as well, since I believe that remains technically in effect until the end of this month.

Anything further we should deal with then, this afternoon, Mr. Fonti?

THE DEFENDANT:  Nothing from plaintiffs, your Honor. We appreciate the time.  Thank you.

THE COURT:  Thank you.

And Mr. Youngwood?

MR. YOUNGWOOD:  No.  Nothing, your Honor.

Have a very nice weekend.  Thank you.

THE COURT:  Same to you.

Take care, everyone.

MR. FONTI:  Take care.  Thank you.

(Adjourned)