**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>v.<br><br>TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P.,<br><br>             Defendants. | Case No. 1:22-cv-01479-JPC<br><br>CLASS ACTION<br><br>Judge John P. Cronan |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendants[1], by and through their undersigned counsel, hereby respond to the Amended Complaint (the "Amended Complaint") filed by Lead Plaintiff Humberto Lozada and Named Plaintiff Oklahoma Firefighters Pension and Retirement System, as follows:

The Defendants deny each and every allegation in the Amended Complaint, including without limitation, allegations appearing in headings and subheadings, except as expressly admitted herein. The Defendants deny that the headings and sub-headings of the Amended Complaint constitute allegations requiring a response. To the extent that any response is required to the headings and sub-headings of the Amended Complaint, the Defendants deny any allegations

---

[1] Defendants are TaskUs, Inc. ("TaskUs" or the "Company"), BCP FC Aggregator L.P. ("BCP"), Bryce Maddock, Jaspar Weir, Balaji Sekar, Amit Dixit, Mukesh Mehta, Susir Kumar, and Jacqueline D. Reses. Defendants Maddock, Weir, Sekar, Dixit, Mehta, Kumar and Reses are collectively referred to as the "Individual Defendants".

1

purportedly set forth therein. In its January 5, 2024 Ruling on Defendants' Motion to Dismiss (Docket Entry No. 51) (the "Order"), the Court granted in part and denied in part the Defendants' motion to dismiss. This Answer responds to the remaining claims. The Defendants reserve the right to amend and/or supplement this Answer.

## RESPONSES TO SPECIFIC ALLEGATIONS

1. Defendants deny the allegations in Paragraph 1, except admit that (i) TaskUs raised over one billion between its June 2021 IPO and October 2021 secondary offerings, (ii) that TaskUs went public at $23.00 a share, and (iii) that Defendant BCP is an affiliate of Blackstone.

2. Defendants deny the allegations in Paragraph 2, except admit that TaskUs operates in the BPO industry. To the extent the allegations in the second sentence of Paragraph 2 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

3. Defendants deny the allegations in Paragraph 3. To the extent the allegations in Paragraph 3 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

4. Defendants admit that the U.S. Securities and Exchange Commission has implemented certain disclosure requirements for companies in 17 C.F.R. § 229.101(c) but respectfully refer to such statute for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein. Defendants deny the remaining allegations in Paragraph 4. To the extent the allegations in Paragraph 4 purport to characterize or quote a publicly available document, Defendants respectfully refer to such

document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

5.   Defendants deny the allegations in Paragraph 5.  To the extent the allegations in Paragraph 5 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

6.   Defendants deny the allegations in Paragraph 6, except admit that Defendant Maddock is TaskUs's CEO and co-founder, and Defendant Sekar is TaskUs's CFO.

7.   Defendants deny the allegations in Paragraph 7.

8.   Defendants deny the allegations in Paragraph 8.

9.   Defendants deny the allegations in Paragraph 9.  To the extent the allegations in Paragraph 9 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

10.   Defendants deny the allegations in Paragraph 10.  To the extent the allegations in Paragraph 10 purport to characterize or quote a July 6, 2021 J.P. Morgan report or a July 6, 2021 Wells Fargo report, Defendants respectfully refer to such reports for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.  To the extent the allegations in the third sentence of Paragraph 10 purport to characterize or quote the November 18, 2021, J.P. Morgan Ultimate Services Investor Conference, Defendants respectfully refer to any such transcript for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

11.     Defendants deny the allegations in the first sentence of Paragraph 11.  BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 11 and on that basis denies them, except BCP admits that BCP received $640 million in connection with the June 2021 IPO and October 2021 Secondary Offering.  TaskUs and the Individual Defendants deny the allegations in the second sentence of Paragraph 11, except admit that (i) TaskUs's June 2021 IPO raised $330 million, (ii) its October 2021 Secondary Offering raised $742 million, (iii) BCP received $640 million in connection with the June 2021 IPO and October 2021 Secondary Offering, and (iv)  Defendants Maddock and Weir received $155.5 million each between the IPO and Secondary Offering.

12.     Paragraph 12 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.  The third sentence of Paragraph 13 purports to state legal conclusions to which no response is required.  Additionally, no response is required to the allegations in the third sentence of Paragraph 13 to the extent they pertain to claims dismissed by the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations related to the attrition rate for employees who were employed by TaskUs for more than 180 days.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 13.

14.     No response is required to the allegations in Paragraph 14 by virtue of Plaintiffs' voluntarily dismissal, with prejudice, of any claims alleging omissions in violation of Items 101 and 303, so-ordered on October 17, 2023 (Docket Entry No. 48) (hereinafter "Voluntary

Dismissal"). Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in the first and third sentences of Paragraph 15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 15 and on that basis deny them.

16. The first sentence of Paragraph 16 purports to describe allegations in the Amended Complaint and therefore no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 16. No response is required to the allegations in the third, fourth and fifth sentences of Paragraph 16 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations related to Weir's intent with respect to statements concerning attrition and the Exchange Act Defendants' intent with respect to statements concerning Glassdoor. Thus, such allegations are no longer a part of the operative complaint in this case. The fourth and fifth sentences of Paragraph 16 purport to state legal conclusions to which no response is required. To the extent a response is required, BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third, fourth or fifth sentences of Paragraph 16 and on that basis denies them; and TaskUs and the Individual Defendants deny the allegations in the third, fourth and fifth sentences of Paragraph 16. Defendants deny the remaining allegations in Paragraph 16, except admit that Defendants Maddock and Sekar were members of the Executive Leadership Team.

17. Defendants deny the allegations in Paragraph 17. To the extent the allegations in Paragraph 17 purport to rely on publicly available trading data, Defendants respectfully refer to such data for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

18. Paragraph 18 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. The first and second sentences of Paragraph 19 purport to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first and second sentence of Paragraph 19. Defendants admit the allegations in the third sentence of Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that basis deny them.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that basis deny them.

23. Paragraph 23 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in the first, second and fourth sentences of Paragraph 25. Defendants deny the remaining allegations in Paragraph 25.

26. Defendants admit the allegations in the first, second and fourth sentences of Paragraph 26. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants admit the allegations in the first sentence of Paragraph 27. Defendants deny the remaining allegations in Paragraph 27.

28. BCP admits the allegations in Paragraph 28. TaskUs and the Individual Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 and on that basis deny them.

6

29.    Defendants deny the allegations in the first sentence of Paragraph 29, except admit that Defendant Amit Dixit has been a member of TaskUs's Board since October 2018 and is a designee of BCP pursuant to the Stockholders Agreement.  Defendants deny the allegation in the second sentence of Paragraph 29.  Defendants admit the allegations in the third sentence of Paragraph 29.  To the extent the allegations in Paragraph 29 purport to characterize the Stockholders Agreement, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

30.    Defendants deny the allegations in the first sentence of Paragraph 30, except admit that Defendant Mukesh Mehta has been a member of TaskUs's Board since October 2018 and is a designee of BCP pursuant to the Stockholders Agreement.  Defendants deny the allegation in the second sentence of Paragraph 30.  Defendants admit the allegations in the third sentence of Paragraph 30.  To the extent the allegations in Paragraph 30 purport to characterize the Stockholders Agreement, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

31.    Defendants deny the allegations in the first sentence of Paragraph 31, except admit that Defendant Susir Kumar has been a member of TaskUs's Board since July 2019, and is a designee of BCP pursuant to the Stockholders Agreement.  Defendants deny the allegations in the second sentence of Paragraph 31.  Defendants admit the allegations in the third sentence of Paragraph 31.  Defendants deny the allegations in the fourth sentence of Paragraph 31, except admit that funds affiliated with Blackstone entered into an agreement to acquire a majority stake in Intelenet Global Services for £250 million in September 2015, and Defendant Kumar served as

its Chairman from September 2015 to September 2018.  Defendants deny the allegations in the fifth sentence of Paragraph 31, except admit that funds affiliated with Blackstone sold Intelenet Global Services to Teleperformance for $1 billion in October 2018.  To the extent the allegations in Paragraph 31 purport to characterize the Stockholders Agreement, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

32.  Defendants admit the allegations in the first sentence of Paragraph 32.  Defendants deny the allegations in the second sentence of Paragraph 32.

33.  The allegations in Paragraph 33 consist of defined terms that will be used later in the Amended Complaint to which no response is required.  Defendants' use of the Amended Complaint's defined terms do not constitute an admission in any way.

34.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and on that basis deny them.

35.  Defendants deny the allegations in Paragraph 35, except admit that human capital is an element of the BPO industry.

36.  Defendants deny the allegations in Paragraph 36.  To the extent Paragraph 36 and footnote 2 purport to characterize or quote an *International Journal of Creative Research* article, Defendants respectfully refer to such article for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

37.  No response is required to the allegations in Paragraph 37 by virtue of the Voluntary Dismissal.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38.     No response is required to the allegations in Paragraph 38 by virtue of the Voluntary Dismissal.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.  To the extent the allegations in Paragraph 39 purport to quote publicly available documents, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

40.     Defendants admit that allegations in the first sentence of Paragraph 40.  Defendants deny the allegations in the second sentence of Paragraph 40, except admit that TaskUs provides out-sourced services and content moderation services.

41.     Defendants deny the allegations in Paragraph 41, except admit that the quoted language appears in TaskUs's IPO Registration Statement.  To the extent the allegations in Paragraph 41 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

42.     Defendants deny the allegations in Paragraph 42, except admit that the quoted language appears in TaskUs's IPO Registration Statement.  To the extent the allegations in Paragraph 42 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

43.     Defendants deny the allegations in Paragraph 43.  To the extent the allegations in Paragraph 43 purport to characterize or quote TaskUs's Registration Statements, Defendants

9

respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

44.  Defendants deny the allegations in Paragraph 44.

45.  Defendants deny the allegations in Paragraph 45, except admit that the quoted language appears in TaskUs's IPO Registration Statement.  To the extent the allegations in Paragraph 45 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

46.  Defendants deny the allegations in Paragraph 46.

47.  Defendants deny the allegations in Paragraph 47, except admit that the quoted language appears in TaskUs's IPO Registration Statement.  To the extent the allegations in Paragraph 47 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

48.  Defendants deny the allegations in Paragraph 48, except admit that the quoted language appears in TaskUs's IPO Registration Statement.  To the extent the allegations in Paragraph 48 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

49.  Defendants deny the allegations in Paragraph 49, except admit that the quoted language appears in TaskUs's IPO Registration Statement.  To the extent the allegations in Paragraph 49 purport to characterize or quote TaskUs's Registration Statements, Defendants

respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

50.    Defendants deny the allegations in the first sentence of Paragraph 50, except admit that on October 1, 2018, funds affiliated with Blackstone invested over $250 million in TaskUs and acquired a majority stake.  Defendants admit the remaining allegations in Paragraph 50.

51.    TaskUs and the Individual Defendants deny the allegations in Paragraph 51, except admit that TaskUs achieved a CAGR of 60% between 2017 and 2020, going from $254 million in 2018 to $478 in 2020.  BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and on that basis denies them.

52.    Defendants deny the allegations in Paragraph 52.

53.    Defendants deny the allegations in Paragraph 53.

54.    The first sentence in Paragraph 54 purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 54.  Defendants deny the allegations in footnote 3 of Paragraph 54, except admit that TaskUs (i) filed a draft Form S-1 Registration Statement on April 12, 2021, (ii) filed amendments on May 6, June 2 and June 10, 2021, and (iii) filed the final IPO Prospectus on June 14, 2021.  No response is required to the allegations in the first and second clauses of the second sentence of Paragraph 54 by virtue of (i) the Voluntary Dismissal of claims related to Item 101 and 303 and (ii) the Order granting in part Defendants' Motion to Dismiss and dismissing claims concerning statements as to the attrition rate for employees who were employed by TaskUs for more than 180 days.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in the first and

11

second clauses of the second sentence of Paragraph 54.  Defendants deny the remaining allegations in Paragraph 54.

55.    Paragraph 55 purports to describe the allegations in the Amended Complaint and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.    Defendants deny the allegations in Paragraph 56, including footnote 4, except admit that TaskUs's ELT, including Defendants Maddock and Sekar, met each month in 2020 via Zoom, and Jim Maddock was at certain times TaskUs's Senior Director, HRIS.

57.    Defendants deny the allegations in Paragraph 57.

58.    Defendants deny the allegations in Paragraph 58, except TaskUs and the Individual Defendants admit that TaskUs employee hiring and departure dates were tracked using the Oracle Human Capital Management system prior to November 2021 .

59.    Defendants deny the allegations in Paragraph 59.

60.    Paragraph 60 is a hypothetical statement to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61.    Defendants deny the allegations in Paragraph 61.

62.    Defendants deny the allegations in Paragraph 62.

63.    TaskUs and the Individual Defendants deny the allegations in Paragraph 63, except admit that TaskUs's Registration Statements reflect that TaskUs's headcount for 2019 was 18,400 and its headcount for 2020 was 23,600.  BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and on that basis denies them.  To the extent the allegations in Paragraph 63 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate

contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

64.    Defendants deny the allegations in Paragraph 64, including footnote 5.

65.    Defendants deny the allegations in Paragraph 65.

66.    Defendants deny the allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67, except TaskUs and the Individual Defendants admit that TaskUs employee hiring and departure dates were tracked using the Oracle Human Capital Management system prior to November 2021.

68.    Defendants deny the allegations in Paragraph 68, except admit that Carla Johnson was at certain times TaskUs's Chief People Officer and Brandy Zimmerman was at certain times TaskUs's Vice President of People Operations.

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72, except admit that the quoted language appears in TaskUs's IPO Registration Statement.  To the extent the allegations in Paragraph 72 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

73.    Defendants deny the allegations in Paragraph 73.

74.    No response is required to the allegations in Paragraph 74 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing claims concerning statements as to the attrition rate for employees who were employed by TaskUs for more than 180 days.  Thus,

such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and on that basis deny them. To the extent Paragraph 75 purport to characterize or quote a July 6, 2021 J.P. Morgan report, a July 6, 2021 Wells Fargo report, or a July 6, 2021 RBC Capital Markets report, Defendants respectfully refer to such reports for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

76.     No response is required to the allegations in Paragraph 76 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.     No response is required to the allegations in Paragraph 77 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78.     No response is required to the allegations in Paragraph 78 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.     No response is required to the allegations in Paragraph 79 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80.     No response is required to the allegations in Paragraph 80 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81, except admit that the quoted language appears in TaskUs's IPO Registration Statement. To the extent the allegations in Paragraph 81 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

82. TaskUs and the Individual Defendants deny the allegations in Paragraph 82, except admit that TaskUs's IPO Prospectus listed a 4.6 Glassdoor rating along with other key performance metrics, including TaskUs's 2020 revenue, net income, number of clients, and revenue and adjusted EBITDA CAGR for 2017-2020. BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 and on that basis denies them. To the extent the allegations in Paragraph 82 purport to characterize or quote TaskUs's IPO Prospectus, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

83. Defendants deny the allegations in Paragraph 83, except admit that the quoted language and screenshot appear in TaskUs's IPO Registration Statement. To the extent the allegations in Paragraph 83 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

84. Defendants deny the allegations in Paragraph 84, except admit that the screenshot appears in TaskUs's IPO Registration Statement. To the extent the allegations in Paragraph 84 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully

refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.  To the extent the allegations in Paragraph 86 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

87.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 and on that basis deny them.  To the extent the allegations in Paragraph 87 purport to characterize or quote a July 6, 2021 William Blair report, a July 6, 2021 RBC Capital Markets report, or a July 6, 2021 Wells Fargo report, Defendants respectfully refer to such reports for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

88.    Defendants deny the allegations in Paragraph 88.

89.    Defendants deny the allegations in Paragraph 89.

90.    Defendants deny the allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.  To the extent the allegations in the second sentence of Paragraph 92 purport to characterize or quote Glassdoor's Terms of Service, Defendants respectfully refer to such terms for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

93.    Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.  To the extent the allegations in Paragraph 94 purport to characterize or quote TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and on that basis deny them.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 and on that basis deny them.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and on that basis deny them.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 and on that basis deny them.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and on that basis deny them.

104.    Defendants deny the allegations in Paragraph 104, including footnote 6.

105.    TaskUs and the Individual Defendants deny the allegations in Paragraph 105, including footnote 7, except admit that TaskUs reported a total headcount of 23,600 as of December 2020, and a total headcount of 31,500 as of June 2021 in its Registration Statements.

17

BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and on that basis denies them.

106.    Defendants deny the allegations in Paragraph 106, including footnote 8.

107.    Defendants deny the allegations in Paragraph 107, including footnote 9.

108.    Defendants deny the allegations in Paragraph 108, including footnote 10.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110, including footnote 11.

111.    Defendants deny the allegations in Paragraph 111, including footnote 12.

112.    Defendants deny the allegations in Paragraph 112, including footnote 13.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants admit the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115, except admit that TaskUs Class A common stock began trading on NASDAQ on June 11, 2021.

116.    BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 and on that basis denies them, except admits that Defendants BCP, Maddock and Weir received roughly $209 million in connection with TaskUs's IPO.  TaskUs and the Individual Defendants deny the allegations in Paragraph 116, except admit that (i) TaskUs's IPO generated $330 million in net proceeds (after deducting underwriting discounts and commissions), (ii) Defendants BCP, Maddock and Weir received roughly $209 million, and (iii) and Defendant Sekar received approximately $11.8 million for his phantom shares.

117.    BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 and on that basis denies them, except admits that BCP

18

held more than 55.2 million shares of Class B common stock following the IPO. TaskUs and the Individual Defendants deny the allegations in Paragraph 117, except admit that Defendants Maddock and Weir each continued to hold more than 13.4 million shares of Class B common stock, and BCP held more than 55.2 million shares of Class B common stock following the IPO.

118. Defendants deny the allegations in Paragraph 118.

119. TaskUs and the Individual Defendants deny the allegations in Paragraph 119, except admit that (i) TaskUs filed a Form 8-K on August 10, 2021, (ii) the quoted language appears in the 8-K, (iii) TaskUs's IPO Registration Statement reflected a 4.6 Glassdoor rating as of March 2021, and (iv) TaskUs held an earnings call on August 10, 2021 during which Defendant Maddock discussed TaskUs's 4.7 rating. BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 and on that basis denies them. To the extent the allegations in Paragraph 119 purport to characterize or quote TaskUs's August 10, 2021 8-K, Registration Statements, and earnings call, Defendants respectfully refer to such document and transcripts for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

120. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 and on that basis deny them. To the extent the allegations in Paragraph 120 purport to characterize or quote an August 10, 2021 RBC Capital Markets report or an August 11, 2021 J.P. Morgan report, Defendants respectfully refer to such reports for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

121. Defendants deny the allegations in Paragraph 121, except admit that TaskUs's Class A common stock closed at 72.44 on September 7, 2021.

19

122.    Defendants deny the allegations in Paragraph 122, except admit that TaskUs filed a draft registration statement for the Secondary Offering on September 17, 2021.

123.    Defendants admit the allegations in the first, second and fourth sentences of Paragraph 123.  Defendants deny the allegations in the third sentence of Paragraph 123.

124.    Defendants admit the allegations in the first and second sentences of Paragraph 124. Defendants further admit the allegation in footnote 14 of Paragraph 124 that TaskUs filed the Prospectus for the Secondary Offering on October 22, 2021.  The remaining allegations in footnote 14 of Paragraph 124 consist of defined terms that will be used later in the Amended Complaint to which no response is required.  Defendants' use of the Amended Complaint's defined terms do not constitute an admission in any way.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 and on that basis deny them.  To the extent the allegations in Paragraph 125 purport to rely on publicly available trading data, Defendants respectfully refer to such data for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

126.    Defendants deny the allegations in Paragraph 126.

127.    No response is required to the allegations in Paragraph 127 concerning the 14.9% and 26.6% attrition rates by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny those allegations in Paragraph 127.  Defendants deny the remaining allegations in Paragraph 127.  To the extent the allegations in Paragraph 127 purport to characterize or quote TaskUs's Secondary Offering Registration Statement, Defendants respectfully refer to such documents for their complete and

accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

128. No response is required to the allegations in Paragraph 128 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129. No response is required to the allegations in Paragraph 129 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 and on that basis deny them.

133. Defendants admit the allegations in the first sentence of Paragraph 133. TaskUs and the Individual Defendants deny the remaining allegations in Paragraph 133, except admit that Defendants Maddock and Weir each sold 1,974,799 of Class A common stock in the Secondary Offering, with net proceeds of over $121 million each, and Defendant BCP sold 8,127,882 of Class A common stock in the Secondary Offering, with net proceeds of over $499 million. BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 133 and on that basis denies them, except admits that it sold 8,127,882 of Class A common stock in the Secondary Offering, with net proceeds of over $499 million.

134. Defendants deny the allegations in Paragraph 134, except admit that Defendants Maddock, Weir, and BCP together earned over $951 million selling shares in the IPO and Secondary Offering.

135. Defendants deny the allegations Paragraph 135, except admit that the quoted language appears in TaskUs's November 10, 2021 Form 8-K and that Defendant Maddock discussed TaskUs's 4.7 Glassdoor ratings on a Q3 2021 earnings call. To the extent the allegations in Paragraph 135 purport to characterize or quote TaskUs's Form 8-K and the earnings call, Defendants respectfully refer to such document and transcript for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

136. Defendants deny the allegations in Paragraph 136, except admit that quoted language appears in the transcript for the November 18, 2021 J.P. Morgan Ultimate Services Investor Conference. To the extent the allegations in the Paragraph 136 purport to characterize or quote the November 18, 2021, J.P. Morgan Ultimate Services Investor Conference, Defendants respectfully refer to any such transcript for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138. To the extent the allegations in Paragraph 138 purport to characterize or quote a November 10, 2021 RBC Capital Markets report or a November 19, 2021 J.P. Morgan report, Defendants respectfully refer to such reports for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

139. TaskUs and the Individual Defendants deny the allegations in Paragraph 139, except admit that (i) Jim Maddock was at certain times TaskUs's Senior Director, HRIS, (ii) Carla Johnson was at certain times TaskUs's Chief People Officer, (iii) Rajinish Sinha was at certain times TaskUs's Chief People Officer, (iv) TaskUs's ELT, including Defendants Maddock and

22

Sekar, met each month in 2020 via Zoom, and (v) TaskUs employee hiring and departure dates were tracked using the Oracle Human Capital Management system prior to November 2021. Defendants admit the allegations in footnote 15 of Paragraph 139. BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 139 and on that basis denies them.

140. TaskUs and the Individual Defendants deny the allegations in Paragraph 140, except admit that Jim Maddock was at certain times TaskUs's Senior Director, HRIS, and Ryan Collins was at certain times TaskUs's Vice President of Global Talent Acquisition. BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 140 and on that basis denies them.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants repeat and incorporate each and every answer above as if set forth in full herein.

144. Paragraph 144 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146. Paragraph 146 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147. The first sentence of Paragraph 147 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 147. Defendants deny the allegations in the second sentence of Paragraph 147, except admit that (i) Defendant Maddock was TaskUs's Co-Founder, CEO, and a

member of its Board throughout the Class Period, (ii) Defendant Weir was the Company's Co-Founder, President, and a member of its Board throughout the Class Period, and (iii) Defendant Sekar was TaskUs's CFO throughout the Class Period.

148.   TaskUs and the Individual Defendants deny the allegations in Paragraph 148, except admit that Defendant Sekar signed TaskUs's August 10, 2021 and November 10, 2021 Form 8-Ks.  BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 and on that basis denies them.  To the extent the allegations in Paragraph 148 purport to refer to TaskUs's Form 8-Ks, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

149.   Defendants deny the allegations in the first sentence of Paragraph 149.  TaskUs and the Individual Defendants admit the allegations in the second and third sentences of Paragraph 149.  BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations in the second and third sentences of Paragraph 149 and on that basis denies them.  To the extent the allegations in Paragraph 149 purport to refer to TaskUs's earnings calls or the November 18, 2021 J.P. Morgan Ultimate Services Investor Conference, Defendants respectfully refer to transcripts for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

150.   Defendants deny the allegations in Paragraph 150.  To the extent the allegations in Paragraph 150 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

151.    TaskUs and the Individual Defendants deny the allegations in the first sentence of Paragraph 151.  TaskUs and the Individual Defendants admit the allegations in the second, third and fourth sentences of Paragraph 151.  BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151 and on that basis denies them.

152.    Paragraph 152 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153.    Defendants admit the allegations in the first and second sentences of Paragraph 153. Defendants deny the remaining allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.  To the extent the allegations in Paragraph 154 purport to characterize or quote Defendant Dixit's Linkedin post, Defendants respectfully refer to such post for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.  To the extent the allegations in Paragraph 154 purport to refer to Nasdaq corporate governance standards, Defendants respectfully refer to such standards for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

155.    Defendants deny the allegations in Paragraph 155, except admit that Ashwin Singh is a Blackstone Associate and Jarrod Johnson is TaskUs's Chief Customer Officer.  To the extent the allegations in Paragraph 155 purport to characterize or quote Ashwin Singh Linkedin post, Defendants respectfully refer to such post for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

156.    Paragraph 156 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph  156.

157.    Defendants deny the allegations in Paragraph 157, except admit that Defendant BCP maintained ownership of at least 50% of TaskUs's outstanding stock prior to the Secondary Offering.  To the extent the allegations in Paragraph 157 purport to characterize or quote the Stockholders Agreement, Defendants respectfully refer to such Agreement for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

158.    Defendants admit the allegations in Paragraph 158.

159.    Paragraph 159 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159.  To the extent the allegations in Paragraph 159 purport to characterize the certificate of incorporation or bylaws, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

160.    Defendants deny the allegations in Paragraph 160, except admit that that BCP and other Blackstone affiliates were parties to a Support and Services Agreement with TaskUs, dated October 1, 2018 and in effect throughout the Class Period, and that the quoted language appears in the Support and Services Agreement.  To the extent the allegations in Paragraph 160 purport to characterize or quote the Support and Services Agreement, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

161.    Defendants deny the allegations in the first sentence of Paragraph 161, except admit that TaskUs amended its Certificate and Bylaws, each effective as of June 10, 2021.  Defendants deny the allegations in the second and third sentences of Paragraph 161.  Defendants deny the

allegations in the fourth sentence of Paragraph 161, except admit that the quoted language appears in TaskUs's Certificate. To the extent the allegations in the fourth sentence of Paragraph 161 purport to characterize or quote TaskUs's Certificate, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein. Defendants deny the allegations in the fifth sentence of Paragraph 161, except admit that the quoted language appears in TaskUs's Bylaws. To the extent the allegations in the fifth sentence of Paragraph 161 purport to characterize or quote TaskUs's Bylaws, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

162. Defendants admit the allegations in the first and second sentences of Paragraph 162. Defendants deny the allegations in the third sentence of Paragraph 162. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of Paragraph 162 and on that basis deny them. Defendants deny the fifth sentence of Paragraph 162, except admit that the quoted language appears in the Registration Rights Agreement. To the extent the allegations in Paragraph 162 purport to characterize or quote the Registration Rights Agreement or Secondary Offering Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

163. Defendants deny the allegations in Paragraph 163, except admit that the quoted language appears in TaskUs's Registration Rights Agreement. To the extent the allegations in Paragraph 163 purport to characterize or quote the Registration Rights Agreement, Defendants

27

respectfully refer to such documents for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

164.    Defendants deny the allegations in Paragraph 164, except admit that the quoted language appears in TaskUs's Registration Rights Agreement.  To the extent the allegations in Paragraph 164 purport to characterize or quote the Registration Rights Agreement, Defendants respectfully refer to such documents for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

165.    Defendants deny the allegations in Paragraph 165.

166.    Paragraph 166 purports to describe the allegations in the Amended Complaint and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.    Paragraph 167 purports to describe the allegations in the Amended Complaint and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and on that basis deny them.

168.    Defendants deny the allegations in the first sentence of Paragraph 168.  No response is required to the allegations in the second and third clauses of the second sentence of Paragraph 168 by virtue of the Voluntary Dismissal.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in the second and third clauses of the second sentence of Paragraph 168.  No response is required to the allegations in the first clause of the second sentence of Paragraph 168 concerning the 14.9% attrition rate by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations.  Thus, such allegations are no longer a part of the operative

complaint in this case. To the extent a response is required, Defendants deny the allegations in the first clause of the second sentence of Paragraph 168 concerning the 14.9% attrition rate. Defendants deny the remaining allegations in the second sentence of Paragraph 168.

169. No response is required to the allegations in Paragraph 169 by virtue the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations concerning the 14.9% and 26.6% attrition rates. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 169.

170. Defendants deny the allegations in Paragraph 170. To the extent the allegations in Paragraph 170 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

171. No response is required to the allegations in Paragraph 171 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 171.

172. No response is required to the allegations in Paragraph 172 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173. No response is required to the allegations in Paragraph 173 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174. No response is required to the allegations in Paragraph 174 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 174.

175. No response is required to the allegations in Paragraph 175 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 175.

176. No response is required to the allegations in Paragraph 176 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177. No response is required to the allegations in Paragraph 177 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178. No response is required to the allegations in Paragraph 178 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 178.

179. No response is required to the allegations in Paragraph 179 by virtue of the Voluntary Dismissal. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 179. To the extent the allegations in Paragraph 179 purport to characterize or quote TaskUs's Registration Statements, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

30

180.     No response is required to the allegations in Paragraph 180 by virtue of the Voluntary Dismissal.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 180.

181.     Defendants admit the allegations in the first sentence of Paragraph 181.  Defendants deny the remaining allegations in Paragraph 181.  To the extent the allegations in Paragraph 181 purport to characterize or quote TaskUs's IPO Registration Statement and Secondary Offering Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

182.     Defendants admit the allegation in the first sentence of Paragraph 182.  Defendants deny the remaining allegations in Paragraph 182.  To the extent the allegations in Paragraph 182 purport to characterize or quote TaskUs's IPO Registration Statement and Secondary Offering Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

183.     Defendants admit the allegation in the first sentence of Paragraph 183.  Defendants deny the remaining allegations in Paragraph 183.  To the extent the allegations in Paragraph 183 purport to characterize or quote TaskUs's IPO Registration Statement and Secondary Offering Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

184.     Paragraph 184 purports to state a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs have stated a claim on behalf

of themselves or the putative class, deny that this action meets the requirements of Federal Rule of Civil Procedure 23, and deny any such class should be certified.

185.    Defendants deny that Plaintiffs have stated a claim on behalf of themselves or the putative class, deny that this action meets the requirements of Federal Rule of Civil Procedure 23, and deny any such class should be certified.

186.    The allegations in the first sentence of Paragraph 186 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 186.  Defendants admit the allegations in the second sentence of Paragraph 186.  Defendants further deny that this action meets the requirements of Federal Rule of Civil Procedure 23 and deny that any class should be certified.

187.    Paragraph 187 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 187.  Defendants further deny that this action meets the requirements of Federal Rule of Civil Procedure 23 and deny that any class should be certified.

188.    Paragraph 188 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 188.  Defendants further deny that this action meets the requirements of Federal Rule of Civil Procedure 23 and deny that any class should be certified.

189.    Paragraph 189 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 189.  Defendants further deny that this action meets the requirements of Federal Rule of Civil Procedure 23 and deny that any class should be certified.

190.    Paragraph 190 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191.    Paragraph 191 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192.    Defendants repeat and incorporate each and every answer above as if set forth in full herein.

193.    Paragraph 193 purports to describe the allegations in the Amended Complaint and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194.    Paragraph 194 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195, except admit that Defendants Maddock, Weir, Dixit, Mehta, Kumar, and Reses were directors of the Company when each Registration Statement became effective.

196.    Paragraph 196 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197.    Paragraph 197 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

198.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 198 and on that basis deny them.

199.    Defendants deny the allegations in Paragraph 199.

200.    Defendants deny the allegations in Paragraph 200.

201.    Defendants repeat and incorporate each and every answer above as if set forth in full herein.

202.    No response is required to the allegations in Paragraph 202 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.    No response is required to the allegations in Paragraph 203 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204.    No response is required to the allegations in Paragraph 204 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205.    No response is required to the allegations in Paragraph 205 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 205.

206.    No response is required to the allegations in Paragraph 206 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 206.

207.    No response is required to the allegations in Paragraph 207 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 207.

208.    No response is required to the allegations in Paragraph 208 by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 208.

209.    No response is required to the allegations in Paragraph 209 by virtue of the Court's Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count II. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 209.

210.    Defendants repeat and incorporate each and every answer above as if set forth in full herein.

211.    Paragraph 211 purports to describe the allegations in the Amended Complaint and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212.    Paragraph 212 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212, except admit that the Individual Defendants were, at certain times, officers and/or directors of the Company.

213.    Paragraph 213 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214.    Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215.

216.    Paragraph 216 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 216.

217.    Paragraph 217 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 217.

218.    Paragraph 218 purports to describe the allegations in the Amended Complaint and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 218 and on that basis deny them.

219.    Paragraph 219 purports to describe allegations in the Amended Complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 219, except admit that Defendant Sekar signed TaskUs's August 10, 2021 and November 10, 2021 Form 8-Ks. To the extent the allegations in Paragraph 219 purport to refer to TaskUs's Form 8-Ks, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

220.    Paragraph 220 purports to state legal conclusions to which no response is required. No response is required to the allegations in Paragraph 220 concerning violations of Items 101 and 303 by virtue of the Voluntary Dismissal. No response is required to the allegations in Paragraph 220 concerning the Glassdoor rating statements by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no longer a part

of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221.    Defendants admit the allegations in the first and second sentence of Paragraph 221. No response is required to the remaining allegations in Paragraph 221 concerning the Glassdoor rating statement by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 221.  To the extent the allegations in Paragraph 221 purport to characterize or quote TaskUs's Form 8-K, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

222.    Defendants admit the allegations in the first sentence of Paragraph 222.  No response is required to the remaining allegations in Paragraph 222 concerning the Glassdoor rating statement by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 222.  To the extent the allegations in Paragraph 222 purport to characterize or quote TaskUs's earnings call, Defendants respectfully refer to such transcript for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

223.    Defendants admit the allegations in the first and second sentences of Paragraph 223. No response is required to the remaining allegations in Paragraph 223 concerning the Glassdoor rating statement by virtue of the Order granting in part Defendants' Motion to Dismiss and

dismissing certain allegations. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 223. To the extent the allegations in Paragraph 223 purport to characterize or quote TaskUs's Form 8-K, Defendants respectfully refer to such documents for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

224. Defendants admit the allegations in the first sentence of Paragraph 224. No response is required to the remaining allegations in Paragraph 224 concerning the Glassdoor rating statement by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 224. To the extent the allegations in Paragraph 224 purport to characterize or quote TaskUs's earnings call, Defendants respectfully refer to such transcript for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

225. Defendants admit the allegation in the first sentence of Paragraph 225. Defendants deny the remaining allegations in Paragraph 225, except admit that the quoted language appears in the transcript for the November 18, 2021 J.P. Morgan Ultimate Services Investor Conference. To the extent the allegations in Paragraph 225 purport to characterize or quote the November 18, 2021 J.P. Morgan Ultimate Services Investor Conference, Defendants respectfully refer to any such transcript for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

226.    Paragraph 226 purports to state legal conclusions to which no response is required. Additionally, no response is required to the allegations in Paragraph 226 to the extent they pertain to Weir's intent with respect to statements concerning attrition or the Exchange Act Defendants' intent with respect to statements concerning Glassdoor, by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 226.

227.    No response is required to the allegations in Paragraph 227 to the extent they pertain to Weir's intent with respect to statements concerning attrition or Maddock or Weir's intent with respect to statements concerning Glassdoor, by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 227.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230.

231.    BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231 and on that basis denies them. TaskUs and the Individual Defendants deny the allegations in Paragraph 231, including footnotes 16, 17 and 18, except admit that the number of shares acquired or sold and the share price in the charts are included in Defendant Maddock's and Weir's Form 4. To the extent the allegations in Paragraph 231 purport to rely on publicly available trading data, Defendants respectfully refer to such data for its complete

39

and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

232.    BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 232 and on that basis denies them.  TaskUs and the Individual Defendants deny the allegations in Paragraph 232, except admit that Maddock and Weir have not made any sales or discretionary purchases of TaskUs stock after the Secondary Offering.

233.    Defendants deny the allegations in the first sentence of Paragraph 233, except admit that the IPO Registration Statement gave underwriters the option to purchase an additional 1,980,000 shares, including from Defendants Maddock and Weir.  To the extent the allegations in the first sentence of Paragraph 233 purport to characterize TaskUs's IPO Registration Statement, Defendants respectfully refer to such documents for their complete and accurate contents, deny any allegations inconsistent with them and deny any characterization of the content contained therein.  Defendants deny the allegations in the second sentence of Paragraph 233.  Defendants deny the allegations in the third and fourth sentences of Paragraph 233, except admit that the additional $1.98 million shares were sold for $43 million net of underwriting discounts and that Defendants Maddock and Weir received $7 million each and BCP received $29 million.

234.    TaskUs and the Individual Defendants admit the allegations in Paragraph 234.  BCP lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 234 and on that basis denies them.

235.    Defendants deny the allegations in Paragraph 235.

236.    Paragraph 236 purports to state legal conclusions to which no response is required.  Additionally, no response is required to the allegations in Paragraph 236 to the extent they pertain to Weir's intent with respect to statements concerning attrition or the Exchange Act Defendants'

40

intent with respect to statements concerning Glassdoor, by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 236.

237. Defendants deny the allegations in Paragraph 237.

238. Defendants deny the allegations in Paragraph 238.

239. Defendants deny the allegations in Paragraph 239.

240. Paragraph 240 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 240.

241. No response is required to the allegations in Paragraph 241 concerning the Glassdoor rating statement by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 241, except admit that Defendant Maddock discussed TaskUs's 4.7 Glassdoor rating on August 10 and November 10, 2021 earnings calls. To the extent the allegations in Paragraph 241 purport to characterize TaskUs's earnings calls, Defendants respectfully refer to such transcripts for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

242. Defendants deny the allegations in Paragraph 242, except admit that the quoted language appears in the transcript for the November 18, 2021 J.P. Morgan Ultimate Services Investor Conference. To the extent the allegations in Paragraph 242 purport to characterize or quote the November 18, 2021 J.P. Morgan Ultimate Services Investor Conference, Defendants

41

respectfully refer to any such transcript for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

243.    Defendants deny the allegations in Paragraph 243.

244.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 244 and on that basis deny them.  Footnote 19 of Paragraph 244 purports to describe the chart included in Paragraph 244 and therefore no response is required.  To the extent a response is required, Defendants deny the allegations in footnote 19 of Paragraph 244.

245.    Defendants deny the allegations in Paragraph 245.

246.    Paragraph 246 purports to state legal conclusions to which no response is required. Additionally, no response is required to the allegations in Paragraph 246 to the extent they pertain to Weir's intent with respect to statements concerning attrition or the Officer Defendants' intent with respect to statements concerning Glassdoor, by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 246.

247.    The first sentence of Paragraph 247 purports to state legal conclusions to which no response is required.  Additionally, no response is required to the allegations in the first sentence of Paragraph 247 to the extent they pertain to Weir's intent with respect to statements concerning attrition or the Officer Defendants' intent with respect to statements concerning Glassdoor, by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations.  Thus, such allegations are no longer a part of the operative complaint in this case.  To

the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 247. Defendants deny the remaining allegations in Paragraph 247.

248.    Defendants deny the allegations in Paragraph 248, except admit that the quoted language appears in the transcripts for the Q2 2021 and Q3 2021 earnings calls. To the extent the allegations in Paragraph 248 purport to characterize or quote TaskUs's earnings calls, Defendants respectfully refer to such transcripts for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

249.    Defendants deny the allegations in Paragraph 249, except admit that the quoted language appears in the transcript for the August 10, 2021 and November 10, 2021 earnings calls. To the extent the allegations in Paragraph 249 purport to characterize or quote TaskUs's earnings calls, Defendants respectfully refer to such transcripts for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

250.    Defendants deny the allegations in Paragraph 250. To the extent the allegations in Paragraph 250 purport to characterize or quote a July 6, 2021 J.P. Morgan report or a July 6, 2021 Wells Fargo report, Defendants respectfully refer to such reports for their complete and accurate contents, deny any allegations inconsistent with them, and deny any characterization of the content contained therein.

251.    Paragraph 251 purports to state legal conclusions to which no response is required. Additionally, no response is required to the allegations in Paragraph 251 to the extent they pertain to Weir's intent with respect to statements concerning attrition or the Officer Defendants' intent with respect to statements concerning Glassdoor, by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no

longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 251.

252. The first and second sentences of Paragraph 252 purport to state legal conclusions to which no response is required. No response is required to the allegations in the first and second sentences of Paragraph 252 to the extent they pertain to Weir's intent with respect to statements concerning attrition or the Officer Defendants' intent with respect to statements concerning Glassdoor, by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations. Thus, such allegations are no longer a part of the operative complaint in this case. To the extent a response is required, Defendants deny the allegations in the first and second sentences of Paragraph 252. Defendants deny the remaining allegations in Paragraph 252.

253. Paragraph 253 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 253.

254. Paragraph 254 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 254.

255. Defendants deny the allegations in Paragraph 255.

256. Paragraph 256 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 256.

257. Defendants deny the allegations in Paragraph 257, except admit that Spruce Point Capital Management, LLC issued a report titled "Moderating the Bull Case Content" on January 20, 2022 at 9:30 a.m. ET and that the quoted language appears in the report. To the extent Paragraph 257 purports to characterize or quote the January 20, 2022 Spruce Point report, Defendants respectfully refer to such report for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

258.    Defendants deny the allegations in Paragraph 258, except admit that the quoted language appears in the January 20, 2022 Spruce Point report.  To the extent Paragraph 258 purports to characterize or quote the January 20, 2022 Spruce Point report, Defendants respectfully refer to such report for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

259.    No response is required to the allegations in Paragraph 259 concerning the Glassdoor rating statements by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations concerning the Glassdoor rating in Paragraph 259.  Defendants deny the remaining allegations in Paragraph 259.  To the extent the allegations in Paragraph 259 purport to characterize or quote the January 20, 2022 Spruce Point report, Defendants respectfully refer to such document for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

260.    Defendants deny the allegations in Paragraph 260.  To the extent the allegations in Paragraph 260 purport to rely on publicly available trading data, Defendants respectfully refer to such data for its complete and accurate contents, deny any allegations inconsistent with it, and deny any characterization of the content contained therein.

261.    Paragraph 261 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 261.

262.    Paragraph 262 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 262.

263.    Paragraph 263 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 263.

264.    Defendants repeat and incorporate each and every answer above as if set forth in full herein.

265.    Defendants deny the allegations in Paragraph 265.

266.    Paragraph 266 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 266.

267.    Paragraph 267 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 267.

268.    Paragraph 268 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 268.

269.    Defendants repeat and incorporate each and every answer above as if set forth in full herein.

270.    Paragraph 270 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 270.

271.    Defendants repeat and incorporate each and every answer above as if set forth in full herein.

272.    The allegations in Paragraph 272 purport to describe the above-captioned matter and state a legal conclusion to which no response is required.  Additionally, no response is required to the allegations in Paragraph 272 against Weir by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count VI as to Weir.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 272.

273.    No response is required to the allegations in Paragraph 273 against Weir by virtue of the Court's Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count VI as to Weir.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations against Weir in Paragraph 273.  Defendants deny the remaining allegations in Paragraph 273.

274.    Defendants lack knowledge sufficient to admit or deny the allegations and screenshot in Paragraph 274 and deny them on that basis, except TaskUs and the Individual Defendants admit that Defendants Maddock and Weir sold 1,974,799 shares at $63.50 in TaskUs's Secondary Offering.  Footnote 20 of Paragraph 274 consist of defined terms to which no response is required.

275.    Paragraph 275 purports to state legal conclusions to which no response is required. Additionally, no response is required to the allegations in Paragraph 275 against Weir by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count VI as to Weir.  Thus, such allegations are no longer a part of the operative complaint in this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 275.

276.    Paragraph 276 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 276.

277.    Paragraph 277 purports to state legal conclusions to which no response is required. Additionally, no response is required to the allegations in Paragraph 277 against Weir by virtue of the Order granting in part Defendants' Motion to Dismiss and dismissing certain allegations, including Count VI as to Weir.  Thus, such allegations are no longer a part of the operative

complaint in this case. To the extent a response is required, Defendants deny the allegations in Paragraph 277.

278. Defendants deny the allegations in Paragraph 278.

279. Defendants deny the allegations in Paragraph 279.

## AFFIRMATIVE DEFENSES

The fact that Defendants have responded to all allegations set forth herein should not be construed as a waiver of any argument that Plaintiffs' claims are barred, in whole or in part, by the Court's Order granting Defendants' Motion to Dismiss in part, and Defendants expressly reserve all rights thereunder.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted, and fails to plead a legally cognizable injury.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot demonstrate any damages.

## THIRD AFFIRMATIVE DEFENSE

By their Voluntary Dismissal, Plaintiffs' voluntarily dismissed, with prejudice, any claims in the Amended Complaint alleging omissions in violation of Items 101 and 303.

## FOURTH AFFIRMATIVE DEFENSE

By its Order granting in part Defendants' Motion to Dismiss, the Court has dismissed Count I of the Amended Complaint with respect to all alleged misstatements, except for the alleged misstatements concerning TaskUs's "low attrition" and statements regarding TaskUs's Glassdoor rating.

48

## FIFTH AFFIRMATIVE DEFENSE

By its Order granting in part Defendants' Motion to Dismiss, the Court has dismissed Count II of the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

By its Order granting in part Defendants' Motion to Dismiss, the Court has dismissed Count III of the Amended Complaint with respect to all alleged misstatements, except for the alleged misstatements concerning TaskUs's "low attrition" and statements regarding TaskUs's Glassdoor rating.

## SEVENTH AFFIRMATIVE DEFENSE

By its Order granting in part Defendants' Motion to Dismiss, the Court has dismissed Counts IV, V and VI of the Amended Complaint against Mr. Weir.

## EIGHT AFFIRMATIVE DEFENSE

By its Order granting in part Defendants' Motion to Dismiss, the Court has dismissed Count IV with respect to all alleged misstatements, except for the alleged misstatements concerning TaskUs's "low attrition."

## NINTH AFFIRMATIVE DEFENSE

By its Order granting in part Defendants' Motion to Dismiss, the Court has dismissed Count V with respect to all alleged misstatements, except for the alleged misstatements concerning TaskUs's "low attrition."

## TENTH AFFIRMATIVE DEFENSE

By its Order granting in part Defendants' Motion to Dismiss, the Court has dismissed Count VI with respect to all alleged misstatements, except for the alleged misstatements concerning TaskUs's "low attrition."

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred in whole or in part due to the failure of the Amended Complaint to allege particularized facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the PSLRA, as well as Plaintiffs' inability to prove any such facts.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred in whole or in part because Defendants had no duty of disclosure with respect to the alleged misrepresentations and omissions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred in whole or in part because all statements upon which Plaintiffs purport to base their claims are true and accurate.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred in whole or in part because the alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the total mix of information available to investors.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants' alleged misstatements are inactionable statements containing publicly available information, forward-looking statements, statements accompanied by meaningful cautionary language, statements of opinion and/or inactionable statements under the bespeaks caution doctrine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are inactionable to the extent that they allege untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements

50

allegedly attributable to Defendants that fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, including without limitation 15 U.S.C. §§ 78u-4 and 78u-5.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they are predicated on statements of opinion or belief, which Plaintiffs cannot prove were objectively false when made.  Additionally, Plaintiffs cannot prove that these statements misrepresented the speaker's subjective opinion or belief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Certain purportedly material information which Plaintiff alleged in the Amended Complaint was a matter of public knowledge and therefore not required to be disclosed.  Plaintiffs' claims with respect to such information are therefore barred.  No person or entity may recover from Defendants to the extent such person or entity had actual or constructive knowledge of the facts allegedly concealed or misrepresented.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for lack of loss causation.  No act or omission attributed to Defendants in the Amended Complaint was the actual or proximate cause of any alleged injury suffered by Plaintiffs, or caused the alleged loss for which Plaintiffs seek damages.  Moreover, Defendants are not liable for any alleged damages suffered by Plaintiffs to the extent that (i) the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, (ii) Plaintiffs' purported injuries and damages, if any, were caused or contributed to, in whole or in part, by Plaintiffs themselves, or (iii) Plaintiffs' purported injuries and damages, if any, were caused or contributed to, in whole or in part, by the policies,

practices, acts, or omissions of independent persons or entities other than Defendants and over which Defendants have no control.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for lack of actual and/or justifiable reliance on Defendants' alleged misstatements and omissions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs relied exclusively upon their own reasonable judgment and decisions, independent investigations, and the advice of their professional investment advisors in making their alleged purchase or sale of TaskUs securities during the Class Period.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in any relevant public disclosure, and was under no duty to revise, update, or correct any previously made statements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Defendants did not have "control" over any person or entity primarily liable, as the term "control" is defined in the federal securities law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiff has failed to plead a primary violation of either the '33 Act or '34 Act as required by Section 15, 20, and 20A.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred in whole or in part due to Plaintiffs' failure to plead any strong inference of scienter or actual knowledge with the particularity required by the PSLRA, Federal Rule of Civil Procedure 9(b), or otherwise, as well as Plaintiffs' inability to prove such state of mind on the part of any Defendant and as to each alleged misstatement.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The damages in the Amended Complaint are too speculative to be recoverable at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the Amended Complaint to have been misrepresented in or misleadingly omitted from any relevant public disclosures.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part because the alleged misstatements were mere puffery or were vague statements of optimism that are not actionable under the federal securities laws.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative class are barred because Defendants at all times acted in good faith conformity with applicable SEC rules, regulations, and orders, and therefore are not subject to liability under the federal securities laws.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by doctrines of laches, waiver, unclean hands, estoppel, and/or ratification.

53

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because this action may not be maintained as a class action under the requirements of Federal Rule of Civil Procedure 23 and because the named Plaintiffs are not proper class representatives.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate any damage they allege to have suffered and are thus barred from recovering damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the Amended Complaint by reason of their compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Amended Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Insofar as any injuries to Plaintiffs were caused by any action on the part of Defendants, which Defendants expressly deny, such action was not intentional or willful.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants made answers to each Paragraph of the Amended Complaint without waiving, but expressly reserving, all rights they may have to seek relief by appropriate motions to the allegations in the Amended Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs attempt to seek equitable relief, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert any additional defenses, affirmative defenses, cross-claims and third-party claims not asserted herein that discovery or other investigation indicates may be appropriate at a later time. Defendants further reserve the right to withdraw defenses or affirmative defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment dismissing Plaintiffs' Amended Complaint in its entirety, together with costs and disbursements of this action, and for any expenses incurred in the defense thereof, including attorney's fees. Defendants further demand such other relief, both general and specific, at law or in equity, to which they are justly entitled.

Dated: February 9, 2024
      New York, New York

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

*/s/ Jonathan K. Youngwood*
Jonathan K. Youngwood
Meredith D. Karp
Amy L. Dawson
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: jyoungwood@stblaw.com
Email: Meredith.Karp@stblaw.com
Email: Amy.Dawson@stblaw.com

*Counsel for Defendants TaskUs, Inc., BCP FC Aggregator L.P., Bryce Maddock, Jaspar Weir, Balaji Sekar, Amit Dixit, Mukesh Mehta, Susir Kumar, and Jacqueline D. Reses*

55