O2G6LOZC                    Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HUMBERTO LOZADO, OKLAHOMA
FIREFIGHTERS PENSION and
RETIREMENT SYSTEM,

                 Plaintiffs,

          v.                          22 CV 1479(JPC)

TASKUS, INC. et al.,

                 Defendants.

------------------------------x
                                    New York, N.Y.
                                    February 16, 2024
                                    2:00 p.m.

Before:

                    HON. JOHN P. CRONAN,

                                    District Judge

                         APPEARANCES

BLEICHMAR FONTI & AULD LLP
     Attorneys for Plaintiffs
BY:  JOSEPH A. FONTI
     EVAN A. KUBOTA

SIMPSON THACHER & BARTLETT LLP
     Attorneys for Defendants
BY:  JONATHAN K. YOUNGWOOD
     AMY DAWSON

(Case called)

DEPUTY CLERK:  Can counsel starting with the plaintiff please state your name for the record?

MR. FONTI:  Good afternoon, your Honor.

Joseph Fonti from Bleichmar Fonti & Auld.  With me is my partner, Evan Kubota.

THE COURT:  Good afternoon, Mr. Fonti and Mr. Kubota.

MR. YOUNGWOOD:  Good afternoon, your Honor.

Jonathan Youngwood, Simpson Thacher, with Amy Dawson for the defendants.

THE COURT:  Good afternoon, Mr. Youngwood and Ms. Dawson.

So we're here for a status conference.  I know an answer was filed to the amended complaint I guess a week ago today.  I reviewed the proposed case management plan.  I think everything, for the most part, looked good.  I did have a couple of questions.

Maybe just first, very generally, I know Paragraph 19, it would be helpful if you gave me a summary of anticipated discovery.  I was hoping, Mr. Fonti and Mr. Youngwood, if you could give me a little more than a sentence of what you see discovery entailing in this case in terms of the number of depositions and just the volume of discovery here.

MR. FONTI:  Very good, your Honor.  We don't think this will be terribly onerous relative to other securities

class actions.  The issues that are now present post-motion to dismiss are streamlined.  We expect to have more than ten depositions, but we don't need to cross that bridge at this point, necessarily.

And so we think that the schedule is a bit more extended than what your Honor typically looks for in large measure because of the defendants' representations that some of the documents or many of the documents might be overseas, might take a little more time.

But we think, from our end, plaintiffs' side of moving quickly from documents to depositions and then intermingling class certification can be done pretty efficiently.

THE COURT:  Thank you.

Mr. Youngwood, is there anything you wish to add to that?

MR. YOUNGWOOD:  Not of any significance.  We haven't had a discussion on number of depositions.  Our hope is that it's at ten or very close to it.  If it's meaningfully more, we'll probably be back in front of you, to be honest.

In terms of the documents, I think Mr. Fonti summarized it well.  They are not necessarily all in this country.  It's going to take time.  And I think we both prefer to finish the documents, start the depositions, rather than having to go back to it.  So that's the reason.

THE COURT:  That is helpful.  Thank you.

Let me also ask about Paragraph 4 is it?  No, I'm sorry.  Yes, Paragraph 4, which has a deadline of August 5 for motions to leave to amend.

What further motion do you anticipate at this point, Mr. Fonti?

MR. FONTI:  We actually don't really anticipate a motion at this point.  We just placed that deadline after the completion of the document discovery in the event they look for an initial party, but it's not something we foresee.  We recognize that if we were to do something like that, it would impact the schedule, and we'd be very reticent to do it unless it was really essential.  But at this point, there's not an initial party that we have in mind.

THE COURT:  I'll keep that deadline there, but certainly if something unforeseen happens and you identify an initial party, I'd appreciate it if the motion is earlier than the August 5 deadline.

MR. FONTI:  For sure, your Honor.

And our interests are aligned there because if we were to identify such a party, we would do it as promptly as we could because we would not want to delay the rest of the proceeding, and make sure we get documents quickly.  So understood.  Thank you.

THE COURT:  Good.  And I think for various reasons — everyone mentioned the deadlines — while they are further out

than normal, it makes sense in this case.  I do urge the parties to meet then, because it's been about three years since this case was initiated, so I do want to keep it moving along. So if there is a request to extend any of the discovery deadlines, I certainly will want to know what has occurred and why the current deadlines have not been able to be met.

The schedule for class certification makes sense: May 10, for a motion with expert reports; July 12, for opposition with expert reports, and also that's the deadline to depose the plaintiffs' experts; and then August 16, for the reply, and then certainly the deadline to depose the defendants' experts.

Now, I apologize.  I don't know if I just misspoke. But July 12 would be the deadline to depose the plaintiffs' experts.

Discovery, November 8 will be the close of all fact discovery; January 31, 2025, all discovery, including expert discovery.

I will add in this the case management plan at Paragraph 20 a requirement to submit a joint status letter to be one week after the close of all discovery, which I guess then would be February 7, 2025.  That should let me know, obviously, where things stand in the case — a preview at that point as to whether either party plans to move for summary judgment and the basis of that motion.  Most likely, that would

take the place of any pre-motion letter requirement that I have, and also the status of settlement discussions, which I'm going to turn to in a second.

And also, notwithstanding that status letter, the deadlines for any summary judgment motions makes sense to me as well 45 days after the later of the close of discovery or any ruling that I issue on class certification, the motions will be due, opposition 60 days after that, and then reply 30 days after opposition.  And then the joint-pretrial order to be filed 45 days after, whatever the latter is, of my ruling on summary judgment; if there's no summary judgment, the close of discovery or the class certification decision.

Let me go back.  I just mentioned, when I mentioned the status letter, settlement discussions.  The case management plan said that no discussions had taken place.  Is that still the case now?

MR. FONTI:  That is correct, your Honor.

THE COURT:  Is there any view as to whether at this point a referral to either the magistrate judge assigned to this, who is Judge Gary Stein, or the mediation program would be helpful, or is it to early to consider that?

MR. FONTI:  From plaintiffs' perspective, I think it's a little bit early.  In addition, you know, the parties have extensive experience with private mediators.  So often, we find that it's the more common avenue.  But it is very early in the

O2G6LOZC                    Conference

case, so I think the dialogue that we have with defense counsel is fairly open and will come to it in the natural course of the case.

THE COURT:  Thank you.  I suspected that might have been the answer.

Mr. Youngwood, is that the same from your perspective?

MR. YOUNGWOOD:  Unsurprisingly, your Honor, I don't have anything to add.  We're in vigorous agreement.

THE COURT:  If anything changes, and I think this was in the proposed case management plan, and you wish a referral to Judge Stein or to the Court's mediation program, just send me a letter.  I'm happy to make that referral.

Are there any other matters we should take up this afternoon?  Is there anything we should address together, Mr. Fonti?

MR. FONTI:  Your Honor, I heard your reference to submitting a letter by February 2025.  I did see the references in Paragraph 20 to the next case management conference. Perhaps your Honor could give us a bit of guidance on how -- I'm aware of your individual practices for raising discovery disputes through the three-page letters and prompting.  We have had very good success in cases where the presiding judge will set a deadline for submissions two months out, you know, so the parties have sort of an eye toward making a submission if there are issues.  There's a little more -- given we want to move

this case apace, I don't know if your Honor has that practice or is open to it.  But, perhaps, giving a little more structure to raising disputes promptly so nothing lingers as opposed to the parties doing it *sua sponte*, but some guidance would be helpful.

THE COURT:  I may have just missed what you're getting at there, but which submission are you referring to?

MR. FONTI:  To say in Paragraph 20, to have a case management conference perhaps in two months as opposed to waiting till the end of all discovery as a placeholder; in essence, that we would be making a joint submission.  If there are any disputes, we would keep you informed of what's going on and have an opportunity on the calendar that all of us can work toward, and so you Honor is aware of where things stand.  And if there are issues, we get some guidance at that point without having to make a formal submission.

THE COURT:  I'm happy to do that.

Mr. Youngwood, are you in agreement with that?

MR. YOUNGWOOD:  If I also could just make sure I understand this, this is basically to set a conference that we may need, we may not need, and if we don't need it, we tell you we don't need it.  It's not a hard subway ride.  I'm not sure I understand the purpose of the conference.

THE COURT:  Is it just to check in to see if everything is going okay, largely?

MR. FONTI:  Yes, your Honor.  I think it would be effective, and it could be telephonic so we don't have to waste everybody's time.  Maybe the second or third week of April, and have submissions due a week earlier.  If there's nothing for your Honor to resolve, then at least we're keeping you apprised of where we are.  If there are any disputes, we could tend to them telephonically.  I've just seen that work very effectively, so I share that experience and seek the Court's guidance.

THE COURT:  I'm happy to give it a try.  Why don't we do this?  Depending on people's schedule, why don't we set a telephonic conference on April 16, a Tuesday, at 10:00 a.m.  One week before that, send me a letter as to any issues that you wish to discuss and address at that conference.  It can be a joint letter from the parties.  Also, you can say in that letter there's nothing to discuss and we don't need to have that conference, and set another a one two months from that.  Does that work?

MR. FONTI:  I actually read Paragraph 20 to inspire that.  And like I said, I've seen it work before.  So I think that's a good we to do it.

THE COURT:  Paragraph 20 usually would be after discovery, but also most cases, as you indicated, don't have this long of a discovery schedule.  So there may be a benefit to doing that.  And, Mr. Youngwood, if there's nothing to talk

O2G6LOZC                         Conference

about, we'll just adjourn the conference.

MR. YOUNGWOOD:  That's fine.  April 16 at 10:00 a.m. is fine.

THE COURT:  All right.

MR. FONTI:  Your Honor, I do suggest that it be telephonic just to spare the time.

THE COURT:  Agree.  We will circulate a call-in number for that.  I believe at some point we're transitioning to Teams to do the conference calls, so we'll be able to circulate the dial-in for that.

And does 10:00 a.m. work for everyone on the 16th?

MR. FONTI:  It does, yes.

MR. YOUNGWOOD:  Yes, your Honor.

THE COURT:  Great.  Is there anything else that we should take up?

MR. FONTI:  No, your Honor.

MR. YOUNGWOOD:  Nope, not for defendants.  Thank you, your Honor.

THE COURT:  Wonderful.  Thank you, all.  I hope everyone has a good weekend.  Take care.

(Adjourned)