UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P.,<br><br>Defendants. | Case No. 1:22-cv-01479<br><br>CLASS ACTION<br><br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1. This Stipulation and [Proposed] Protective Order ( the "Order") governs the handling of documents, depositions, deposition exhibits, deposition transcripts, interrogatory answers, responses to requests for admission, and any other written, electronic, recorded, or graphic material ("Discovery Material") produced by or obtained from any party or other person from whom Discovery Material may be sought (the "Producing Party") during the proceedings in the above captioned matter (collectively with any appeals, the "Action").

2. With respect to Discovery Material that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as this Order expressly permits. Parties and their agents shall use reasonable steps to safeguard the

confidentiality of all Discovery Material governed by this Order. The attorneys of record for the parties and all other persons receiving information governed by this Order shall take all reasonable steps to ensure that the information and Discovery Material governed by this Order are (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons. For the avoidance of doubt, nothing in this Order shall be construed to restrict the use of documents or information obtained outside the Action.

3. The Producing Party may designate as "Confidential" under the terms of this Order any Discovery Material, and any portions thereof, that it reasonably and in good faith believes contains non-public business, commercial, financial, or personal information, or other information the disclosure of which would, in the reasonable good faith judgment of the Producing Party, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and/or any other applicable laws, rules, or regulations, including U.S. or foreign privacy, data protection, or secrecy laws. Where the confidential portion is reasonably separable from the non-confidential portion, only the confidential portion shall be so designated. Designations of Confidential Information shall be on a document-by-document basis and shall be marked as: Confidential (or words to the same effect). All Discovery Material so designated shall be referred to in this Order as "Confidential Discovery Material" and shall be handled in accordance with the terms of this Order.

4. Any Producing Party may designate Discovery Material, and any portions thereof, as "Highly Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material contains trade secrets, confidential or sensitive personal or business information that requires heightened protections (collectively, "Highly Confidential

Information"). Highly Confidential Information constitutes Discovery Material for which disclosure is substantially likely to cause injury to the Producing Party, including but not limited to Discovery Material that reveals any particularly sensitive business methods or strategic plans. All Discovery Material so designated shall be referred to in this Order as "Highly Confidential Discovery Material" and shall be handled in accordance with the terms of this Order.

5. With respect to the Confidential or Highly Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as Confidential the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. Where such stamping is impossible or impractical (such as with respect to productions of groups of documents in native form), the Producing Party shall designate in writing that information or Discovery Material that it regards as containing Confidential Information or Highly Confidential Information at the time of its production. In the case of any Discovery Material that is in the form of an audio or video recording (whether analog or digital) that cannot be designated Confidential or Highly Confidential in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark any corresponding Bates numbered placeholder image, the CD-ROM, DVD, or any other physical medium containing such electronic data or documents with the appropriate designation. In lieu of marking the originals of documents, the Producing Party may mark the copies that are produced or exchanged. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information ("ESI") produced in native format (together, "Natively Produced ESI") containing Confidential Information or Highly Confidential Information need not be produced such that every

page of such document, when printed, contains the appropriate mark or stamp. Instead, the Producing Party shall use reasonable means to designate as Confidential or Highly Confidential such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the Confidential or Highly Confidential mark; (ii) including Confidential or Highly Confidential in the file name of the Natively Produced ESI; or (iii) including Confidential or Highly Confidential on the label of the media or in the production letter for the Natively Produced ESI.

      6.     A Producing Party or its counsel may designate deposition exhibits, deposition transcripts or other pretrial testimony, or portions thereof, as Confidential or Highly Confidential Discovery Material either by: (a) by having counsel make a statement on the record to that effect prior to the conclusion of the deposition or other pretrial testimony; or (b) by providing written notice, sent to all parties within ten (10) business days of receipt of the final transcript of the deposition or other pretrial testimony designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential or Highly Confidential shall be deemed Confidential or Highly Confidential.

      7.     A Producing Party's inadvertent failure to designate Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such a claim and may be corrected. Accordingly, a Producing Party may designate as Confidential or Highly Confidential any Discovery Material that has already been produced, including but not limited to Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential at the time of its initial production, by notifying in writing the party or parties to whom the production has been made within a reasonable time after becoming aware that the confidential material was not properly designated and, in the case of documents or other written

materials, promptly providing the receiving party or parties with replacement copies of the relevant Discovery Material that satisfy the requirements of Paragraph 5.  Upon receiving such supplemental notice, the parties shall thereafter treat the Discovery Material so designated as Confidential or Highly Confidential, in accordance with the Producing Party's notification, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward.  The party or parties receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information or Highly Confidential Information.  In addition, upon receiving such supplemental written notice, any receiving party that disclosed that Discovery Material prior to its designation as Confidential or Highly Confidential shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material by any person not authorized to receive the Confidential Information or Highly Confidential Information under the terms of this Order; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or Highly Confidential when originally produced; (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 15 of this Order.

8. The scope of this Order includes all copies, excerpts, summaries, and notes that are prepared or derived from and that incorporate or reflect information contained in any Discovery Material and/or information designated as Confidential or Highly Confidential by the Producing Party, as well as testimony and oral conversation derived from or related to it.

9. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information without written consent from the Producing Party only to the following persons:

(a) the parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the parties to this Action, including attorneys consulting with or advising any party in this Action, in-house attorneys, paraprofessionals and employees and agents of such counsel;

(c) employees, officers and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness or potential witness in interviews or preparation for any deposition, hearing or trial, and at any deposition or hearing;

(f) subject to Paragraph 31, any person a party retains to serve as an expert witness, consultant or to otherwise provide specialized advice to counsel in connection with this Action, provided that counsel, in good faith, requires their assistance in connection with the Action, further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part

shall be designated as Confidential by the party responsible for its creation, and further provided that the expert, consultant or other individual has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) outside vendors or service providers (such as copy-service providers and document-management consultants) to the extent necessary for the prosecution or defense of this Action;

(h) any mediator or arbitrator that the parties engage in this matter or that this Court appoints;

(i) stenographers engaged to transcribe depositions the parties conduct in this Action;

(j) this Court, including any appellate court, its support personnel, and court reporters; and

(k) any person or entity who counsel for the parties agree, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person or entity agrees to be bound by the terms of this Order by executing a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

11. Confidential Discovery Material designated as "Highly Confidential" under paragraph 4 may be disclosed only to the following persons:

(a) Counsel for the parties and employees of such counsel whose functions are necessary to the prosecution or defense of this Action;

(b)     the author or recipient of the document(s), and any other person indicated on the face of the document as having received a copy;

(c)     any witness or potential witness in interviews or preparation for any deposition, hearing or trial, and at any deposition or hearing;

(d)     subject to Paragraph 31, experts retained to assist counsel for the parties, provided that any such experts execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto prior to any disclosure to such expert(s), and that a copy of such signed Non-Disclosure Agreement is retained by counsel for the party making disclosure to such expert(s), and further provided that any reports created by such experts relying on or incorporating Highly Confidential Information in whole or in part shall be designated as Highly Confidential by the party responsible for its creation;

(e)     outside vendors or service providers (such as copy-service providers and document-management consultants) to the extent necessary for the prosecution or defense of this Action;

(f)     any mediator or arbitrator that the parties engage in this matter or that this Court appoints;

(g)     this Court, including any appellate court, its support personnel, and court reporters; and

(h)     any other person or entity as to whom the parties agree in writing prior to any disclosure of Confidential Discovery Material designated as Highly Confidential, provided that such person or

entity has been informed of this Order and has executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

12. Each person given access to Confidential Information or Highly Confidential Information under this Order shall be advised by counsel for the party giving access that such Confidential Information or Highly Confidential Information is being disclosed pursuant and subject to the terms of this Order and must be handled strictly in accordance with the terms thereof by the person receiving such Confidential Information or Highly Confidential Information.

13. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action inform the Producing Party and all other parties in writing of the reasons for the objection, stating with particularity the grounds of the objection. The Producing Party shall respond in writing, within five (5) business days of receipt of the objection, and the parties shall meet and confer in a reasonable and good faith effort to resolve the objection. All items objected to shall continue to be treated as confidential pending resolution of the parties' dispute. If the parties are unable to reach an agreement as to the disputed designation, the objecting party may invoke the Court's rules and procedures for raising discovery disputes. The Producing Party bears the burden of persuading the Court that the information is in fact confidential within the definitions set forth above.

14. In the event that any Confidential or Highly Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use. The parties will seek to file under seal copies of any Confidential or Highly Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding or shall redact or protect such information from

public disclosure by another procedure agreed upon by the parties and consistent with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York and Judge Cronan's Individual Rules. Counsel for the receiving party seeking to use Confidential or Highly Confidential Discovery Material in connection with or in support of any motion or court proceeding shall comply with the applicable local rules with respect to filing documents under seal. Nothing in this Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

15. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information which are produced in this Action.

16. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Subject to Rule 502(d) of the Federal Rules of Evidence and this Order, the production of any document, tangible thing, information or other material covered by the work product doctrine and/or the attorney-client, common interest or other applicable evidentiary privilege that would otherwise entitle a party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege, work product doctrine, common interest privilege and/or any other applicable privilege) concerning any such documents, tangible things, information or other material or the subject matter thereof.

18. If production occurs, upon receiving notice from the Producing Party that allegedly privileged material has been produced, the material and any copies or summaries must be returned to the Producing Party as soon as practicable after receipt of such notice. In the case of ESI, all electronic copies and the original production media shall be destroyed, sequestered, or "wiped," as soon as practicable after such notice.[1] Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the Producing Party or non-party before the Court; provided, however, that if the party producing the document or information has made a demand for the return as set forth above, the basis of such challenge shall not include an argument that the Producing Party waived privilege or protection by production of the material.

19. In the event the receiving party challenges the Producing Party's privilege designation, the challenging and designating party shall attempt to resolve any challenges reasonably and in good faith prior to filing a motion with the Court. During the pendency of such a motion, each receiving party may retain the document or information and all copies thereof, but shall make no further use of it other than is necessary in connection with the proceedings on the motion. Any copy of such document or information submitted to the Court in connection with the motion shall be filed under seal, redacted or submitted for in camera review. The allegedly privileged material in dispute shall be treated as privileged until the parties either agree or the Court issues an order to the contrary. In connection with such a motion, the Producing Party retains the burden of establishing that the information is subject to a valid claim of privilege,

---

[1] Notwithstanding the provisions of this Paragraph, neither the parties nor their counsel shall be required to destroy, sequester, or wipe any such information that may reside on their respective electronic disaster recovery systems that are overwritten in the normal course of business. However, they shall not retrieve the allegedly privileged material from said electronic disaster recovery systems after receipt of such notice.

immunity, or work-product protection. Beyond the provisions above regarding use of the fact or circumstances of the production, nothing in this Order shall limit the right of any party to contest a claim of privilege, immunity, or work-product protection, or to argue that privilege has been waived as to any document.

20. Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or Court order, further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information in connection with the prosecution or defense of the Action. Nothing herein shall be construed to limit in any way the Producing Party's disclosure or use of its own Confidential Information or Highly Confidential information.

21. After the termination of the Action, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information or Highly Confidential Information has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of the provisions hereof. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or destroy such material—including all copies thereof. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material, provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, deposition and trial transcripts, and litigation files (including attorney work product) to any person except pursuant to

a court order, agreement by the Producing Party, or as otherwise required by law. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

22. Following the termination of the Action, any document that may be maintained pursuant to paragraph 21 above may be used solely to the extent necessary for (i) counsel to defend its conduct in the Action if such conduct is challenged in a collateral action or pending action; (ii) the parties to litigate coverage disputes with insurance carriers concerning this Action. This Order shall not restrict the use of documents or information obtained outside the Action or alter or conflict with any order entered by another court. Nothing contained in this Order shall be construed to impose discovery obligations on a person or entity in the Action or any related action in which that person or entity is not a party.

23. Any party issuing a subpoena to a non-party shall enclose a copy of this Order and notify the non-party that the protections of this Order are available to such non-party. The parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Order.

24. Nothing in this Order shall be used or characterized by any party as an admission. Furthermore, neither the designation of Discovery Material as Confidential or Highly Confidential hereunder, nor any failure to make such designation, shall be used or characterized by any party as an admission.

25. Nothing in this Order shall be deemed to prejudice a party's right to (i) move the Court for a further protective order relating to any Discovery Material; or (ii) move the Court for an order allowing disclosure of Confidential Information or Highly Confidential Information for good cause.

26. Nothing in this Order shall be construed to prevent any party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

27. Neither this Order nor any designation of Discovery Material as Confidential or Highly Confidential shall affect the admissibility into evidence of the information so designated, or preclude any party from objecting to the admissibility, relevance, authenticity, or use of the Discovery Material.

28. Neither this Order nor the fact of its existence nor any designation of Discovery Material as Confidential or Highly Confidential shall be offered or admitted into evidence at a jury trial or argued to any jury in the Action.

29. This Order shall be without prejudice to the right of any party to oppose disclosure of any information or Discovery Material for any reason other than confidentiality. This Order may be modified only be order of the Court, and is without prejudice to the rights of any party to move in good faith for relief from any of its provisions, or to seek or agree to additional protection for particular information or Discovery Material, including but not limited to heightened confidentiality protection.

30. In the event that the Court determines that there is an actual or threatened violation of this Order by a party receiving Discovery Material designated as Confidential or Highly Confidential, the parties agree that the Producing Party would not have an adequate remedy at law and would be entitled to specific performance and/or injunctive relief to enforce the terms of the Order, in addition to any other remedy to which the Producing Person may be entitled at law or in equity.

31. Confidential Information or Highly Confidential Information may be provided to a party's experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Action.

32. In accordance with Paragraph 23, if a party (the "Disclosing Party") concludes that it has been compelled, by subpoena or other form of judicial or other compulsory process, to disclose information or Discovery Material designated as Confidential or Highly Confidential to any person other than those to whom disclosure is permitted in Subsections 10(a) through (k) and/or Subsections 11(a) through (h), the Disclosing Party shall as promptly as possible, and in any event at least fourteen (14) days prior to the disclosure (or within a time frame that is reasonable under the circumstances if the return date of the subpoena or other process requires compliance in fewer than fourteen (14) days), provide written notice, and include a copy of the subpoena or request, to counsel for the Producing Party of the Disclosing Party's intention to disclose Confidential Information or Highly Confidential Information.  The purpose of this Paragraph is to give the Producing Party an opportunity to object to the disclosure of such Discovery Material pursuant to compulsory process.  If the Producing Party seeks an order from a court or other authority precluding disclosure of such Discovery Material, the Disclosing Party shall not disclose such Discovery Material until the court or other authority has ruled on the Producing Party's request, so long as the Disclosing Party does not violate any rule of the court or other authority with jurisdiction over the subpoena or document request by awaiting a ruling on the Producing Party's motion.

33. Any party named, served, and appearing in this Action after the date that this Order is entered shall be bound by its terms, effective once the Order has been served upon such party, unless the Court orders otherwise on good cause shown.  Any party who causes another

party to be added to this Action after the entry of this Order shall serve that new party with a copy of this Order and any subsequent amendments to it at the time it serves its pleading and summons. Any additional party shall not have access to Discovery Material designated as Confidential or Highly Confidential until the newly joined party, through its counsel, has executed and filed with the Court its agreement to be bound fully by this Order.

34. The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action, except as otherwise agreed by the parties in writing.

35. This Order may be changed only by agreement of the parties or by an order of this Court, and is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Order or any provisions thereof by motion to the Court on notice to the other parties hereto.  This Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

36. The parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

37. Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as Confidential or Highly Confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

38. Any party that identifies inconsistent designations as between two or more identical copies of a document or other material shall treat all such identical documents or other materials as Confidential or, if any such copy is designated Highly Confidential, as Highly Confidential.

SO STIPULATED AND AGREED.

Dated: April 3, 2024

| | |
|---|---|
| /s/ Joseph A. Fonti | /s/ Craig S. Waldman |
| Joseph A. Fonti | Jonathan K. Youngwood |
| Nancy A. Kulesa | Craig S. Waldman |
| Evan A. Kubota | Meredith D. Karp |
| Thayne Stoddard | Amy L. Dawson |
| **BLEICHMAR FONTI & AULD LLP** | **SIMPSON THACHER & BARTLETT LLP** |
| 7 Times Square, 27th Floor | 425 Lexington Avenue |
| New York, New York 10036 | New York, New York 10017 |
| Telephone: (212) 789-1340 | Tel: (212) 455-2000 |
| Facsimile: (212) 205-3960 | jyoungwood@stblaw.com |
| jfonti@bfalaw.com | cwaldman@stblaw.com |
| nkulesa@bfalaw.com | meredith.karp@stblaw.com |
| ekubota@bfalaw.com | amy.dawson@stblaw.com |
| tstoddard@bfalaw.com | |
| | *Counsel for Defendants* |
| *Counsel for Lead Plaintiff Humberto Lozada and Named Plaintiff Oklahoma Firefighters Pension and Retirement System* | |

John A. Kehoe
Michael K. Yarnoff
**KEHOE LAW FIRM, P.C.**
2001 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (212) 792-6676
jkehoe@kehoelawfirm.com
myarnoff@kehoelawfirm.com

*Additional Counsel for Lead Plaintiff Humberto Lozada*

Dated: April 8, 2024

New York, New York

SO ORDERED.

_____
John P. Cronan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P.,<br><br>Defendants. | Case No. 1:22-cv-01479<br><br>CLASS ACTION<br><br>AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

Under penalty of perjury of the laws of the United States of America, I, _____, acknowledge that I have read and understand the Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I understand the terms thereof and agree to be bound by its terms. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

_____

Dated: