**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P., <br><br> Defendants. | Case No.: 1:22-cv-01479 <br><br> <u>CLASS ACTION</u> |

<u>**AGREED DOCUMENT ESI PROTOCOL**</u>

Defendants TaskUs, Inc. ("TaskUs" or the "Company"), BCP FC Aggregator L.P., Bryce

Maddock, Jaspar Weir, Balaji Sekar, Amit Dixit, Mukesh Mehta, Susir Kumar, and Jacqueline D.

Reses (collectively, "Defendants"), and Lead Plaintiff Humberto Lozada and Named Plaintiff

Oklahoma Firefighters Pension and Retirement System (collectively "Plaintiffs"), each of whom

individually is referred to herein as a "Party," and collectively, the "Parties," by and through their

undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the

United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"),

and subject to the Stipulated Confidentiality Agreement and Protective Order (ECF 63), herewith,

agree to the following Protocol regarding the production of Electronically Stored Information

("ESI") and Hard Copy Documents (collectively, "Document" or "Documents").

Nothing in the Protocol waives, restricts, or eliminates the Parties' respective obligations

under the Federal Rules of Civil Procedure or Local Rules, or to any "claw back" rights and

obligations set forth in the Stipulated Confidentiality Agreement and Protective Order (ECF 63). The obligations herein are not intended to abrogate or diminish any discovery obligations governed by any other order or rule. Any disputes arising out of the production of Documents subject to this Protocol shall be resolved according to Federal Rules of Civil Procedure, this Court's Local Rules, and any other applicable orders and rules.

## I.     TECHNICAL SPECIFICATIONS

The following technical specifications shall govern the production of electronic and hard copy documents in this matter; however, if the forms of production set forth by the Protocol present an undue burden or cost for a producing Party, the Parties agree to meet and confer regarding production of the documents in a reasonable alternative form. Nothing in the Protocol prohibits a Party from seeking relief from the Court pursuant to the applicable Federal Rules of Civil Procedure or Local Rules.

### A.     Production Format of ESI

1.     The Parties shall produce electronically stored information to each other in formats necessary for proper viewing and processing on their respective document review platforms as follows: single-page, black and white, TIFF Group IV, 300 DPI TIFF images – with the exception of spreadsheet files, audio and video files, and XML files, which shall be produced in native format, and PowerPoint and PDF files which shall be produced in color as single page images.  If the producing Party determines that production of a document that would otherwise be produced in black and white should be produced in color in order to understand the meaning or content of the document, the producing Party shall produce that document in color as single page images. The receiving Party may request that any document produced in black and white be produced in color as single-page, 300 DPI TIFF images with a high quality setting if color is necessary to

understand the meaning or content of the document or for any other good faith reason, in which case the Parties shall meet and confer as to producing that document in that format or some other reasonably useable format.  The Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.

2.      The production file will include a load file, in standard delimited format (Concordance with OPT and DAT) showing the Bates number of each page and the appropriate unitization of the documents. Every TIFF file in each production must be referenced in the production's corresponding load file. The total number of TIFF files referenced in a production's load file should match the total number of TIFF files in the production.

3.      The Parties shall produce electronically stored information to each other with full extracted text for all file types.  Redacted text will not be produced.  Text that is not redacted in a document that contains redactions, however, will be produced.  The Parties will produce a single text file for each document.  In generating the text file, any OCR software shall be set to the highest quality setting during processing.

4.      For responsive electronically stored information containing hyperlinked documents, the receiving party retains the right to make reasonable requests for hyperlinked documents, upon good cause shown, and such requests shall not be unreasonably denied.

5.      With respect to electronically stored information from communication applications (*e.g.*, Microsoft Teams, Slack, SMS, or text messages), the Parties shall produce all responsive messages, as well as any surrounding messages necessary to provide context relating to the responsive topic.

6.      **Native Format**. The Parties shall produce the following agreed-upon ESI in native format: spreadsheets, audio, video, XML files, and any other ESI a party is aware  is not complete

or legible in TIFF images. The foregoing shall be produced in their native electronic format and should contain the Bates number of the file in the file name. In addition, native files should be accompanied by an image placeholder that specifies the beginning Bates number and confidentiality designation. The producing Party shall include accompanying metadata in the load file. The Parties agree not to remove or "scrub" metadata from any non-privileged native documents they produce. Additionally, if after reviewing production of other ESI in a non-native format, a receiving Party believes that it is necessary to review a certain document or documents in native format, the Parties agree to engage in discussion regarding production of discrete documents in native form, which production will not be unreasonably withheld.

7.      **Native Redactions**. All spreadsheets will be redacted in their native form. The produced documents must clearly indicate which portions have been redacted, and the searchable text provided must accurately reflect the contents of the document as produced.

8.      **Hidden Data**. The Parties shall process productions in a manner to ensure that all information, to the extent it exists in a document being produced in TIFF image format, is visible, including:  automatic date fields (code information should be provided in place of the date); track changes (the TIFF images should show all track changes in markup form); hidden columns or rows; hidden text or worksheets; hidden slides or speaker notes in native PowerPoint presentations and the like; and comments (which should be visible on the TIFF images of the document).

9.      **Structured or Aggregated Data – Databases, Enterprise Systems, and Third-Party Cloud Systems**.   For any responsive electronically stored information contained in a database, other structured or aggregated data source, or third-party cloud-based storage system, the producing Party will alert the receiving Party of the expected production of such data, and the

Parties will meet and confer regarding the production format.  In the event that the Parties cannot reach agreement, the matter may be submitted to the Court for determination.

10.     **Password Protection**. If any produced document or electronically stored information (including any portion thereof) is password protected, the producing Party shall make a reasonable effort to ascertain the password needed to access the document or electronically stored information and provide it to the receiving party at the time of production.

11.     **Third Party Productions**. Any document production received from a third party shall be produced in the format in which it was received.

12.     **Method of Production**. The Parties agree that documents may be produced via email, secure file transfer, or encrypted media.

13.     **De-Duplication**. The Parties will use their best efforts to globally de-duplicate documents as necessary prior to producing them; meaning that exact duplicates of a document family (i.e., all duplicate families having the same MD5 hash value as the original document family) will be removed to the best of the producing Party's ability from the entire population of documents to be produced. Attachments to emails shall not be considered duplicates unless the email itself is an exact duplicate. The Parties shall maintain the originals of all such exact and identical duplicates, and the Parties will produce an "All Custodian" field for all produced documents that includes the names of agreed-upon custodians from whom the document and its duplicates were collected, or who were included on the document.

14.     To the extent they are available, load files shall contain the following metadata fields:

- Beginning Document Bates Number
- Ending Document Bates Number
- Beginning Family Bates Number (begins with first page of the parent document)
- Ending Family Bates Number (end with the last page of the last child document)

- Native File Path (For documents produced in native, the production file path to the native file)
- OCR Path (Production file path to the OCR/extracted text)
- File Path
- File Name (including extension)
- All Custodians
- Confidentiality Designation
- Title
- From
- To
- CC
- BCC
- Subject
- Author (Original creator of a document for non-email electronic documents)
- Email Date and Time Sent
- Email Date and Time Received
- Last Saved Date and Time
- Last Author
- Date and Time Created
- Date and Time Last Modified
- File Extension
- File Size
- MD5 Hash Value
- Attachment Count
- Message-ID (the Outlook Message ID assigned by the Outlook mail server, if applicable).
- Conversation Index (the unique alphanumeric identifier used to identify emails in the same string)
- Redacted (Y/N) (indicating whether the document contains redactions)
- Parent ID (the Document Bates Number of the source file from which the embedded file was extracted (if applicable))

15.     The Parties are not obligated to produce the metadata from a document if metadata does not exist in the document as it is kept in the usual course of business, or if the metadata is not machine extractable. For redacted electronic documents, metadata must be produced only to the extent it will not divulge redacted information. For ESI other than email and electronic documents that do not conform to the metadata listed here the Parties will make a good faith effort to produce similar, available metadata fields.

**B.     Hard Copy Documents**

1.      The Parties shall produce hard copy documents in formats necessary for proper viewing and processing on their respective document review platforms as follows: single-page TIFF images with accompanying document-level OCR text (.txt) and a load file, in standard delimited format (Concordance with OPT and DAT).

2.      To the extent available and applicable, load files shall include the fields set forth in Paragraph I.A.15, above.

3.      The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.

4.      If an original document contains color, it must be produced in color format. Multi-page OCR text for each document should also be provided to the extent such OCR text can be provided or applied in an automated fashion.

II.     **PRODUCTION**

A.     **Rolling Production**: The Parties understand that this Protocol contemplates rolling productions of Documents.

B.     **Protective Order**: Documents and data produced pursuant to this Protocol are subject to the Stipulated Confidentiality Agreement and Protective Order between the Parties, including specifically the provisions provided for therein regarding the production of privileged material.

C.     **Bates Numbering**: The Parties shall assign a Bates number to individual pages of TIFF documents and a Bates number to each document produced in native format. Bates numbers shall be unique across the entire document production and sequential within a given document. All

volumes of production shall be identified by the same Bates prefix and a 7-digit numerical sequence.

   **D.**  **Transmission Parameters**. For tracking purposes, TIFF images and natively produced files will be renamed in the production folder to correspond with the beginning Bates number in order to connect the documents with the metadata.

## III. PRIVILEGED DOCUMENTS AND PRIVILEGE LOG

   To the extent that a Party reasonably determines that a document is not discoverable or a portion of a document needs to be redacted because it is subject to the attorney-client privilege or attorney work product doctrine, or is otherwise not discoverable on the basis of a recognized protection or privilege (collectively, the "Privileges" and each a "Privilege"), the Party shall provide a document-by-document log, that sets forth: (a) the Privilege(s) or other protection claimed and basis for the claim; (b) the date on which the document was sent and/or last modified; (c) appropriate metadata fields indicating the agreed-upon custodian(s) from whose files the document was collected and the name(s) of the person(s) who created/received/sent the document; (d) a description of the general subject matter contained in the document; (e) a fixed sequential reference number for each logged document, the sequence of which shall continue in subsequent logs; (f) the Bates number for redacted documents and withheld documents for which the producing party has produced a slipsheet; (g) the Beginning Family Bates Number for redacted documents and withheld documents for which the producing party has produced a slipsheet, and/or the fixed sequential reference number for the parent document if the parent document is withheld in its entirety; (h) whether a document is a parent or child, with entries for each privileged family member ordered sequentially on the log.

The Parties shall identify which individuals on the privilege log are attorneys. Where practicable, if there is no attorney listed as the author or recipient(s) of a document on the privilege log, the name of the attorney(s) whose advice is being sought or provided, or whose work product is included shall be identified.  If a Party is not able to determine the name of the attorney(s), then the privilege actor, law firm or legal department shall be identified.

Documents or portions thereof that are Privileged and that post-date the filing of the original complaint need not be placed on a privilege log.

For a redacted document, if there is more than one redaction in a given document, one log entry can be used to describe the multiple redactions.

## IV.    MISCELLANEOUS

A.      Nothing in this Protocol shall be interpreted to require disclosure of information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection from disclosure. Except as provided expressly herein, the Parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of Documents and ESI. Nothing in this Protocol shall be construed to affect the discoverability or admissibility of any Document or data. All objections to the discoverability or admissibility of any Documents or data are preserved and may be asserted at any time in accordance with the applicable Federal Rules of Civil Procedure or Local Rules.

B.      Recognizing that each producing Party may experience production issues due to data systems or files that may not be fully compatible with the technical specifications set forth herein, any practice or procedure set forth herein may be varied by agreement of the Parties, confirmed in writing, to accommodate such issues and/or where such variance is deemed

appropriate to facilitate the timely and economical production of Documents or ESI. No Party shall unreasonably object to any such variance.

     **C.**     Nothing in this Protocol shall be construed to require the production of any document or information that has been objected to absent an order from the Court compelling production or an express agreement by the Parties.

     **D.**     The Parties shall make reasonable attempts to meet and confer to resolve any discovery dispute before filing a motion to compel with the Court.

     **E.**     This Protocol may be modified by written agreement of the Parties or by the Court for good cause shown.

Dated: May 22, 2024

| | |
|---|---|
| */s/ Joseph A. Fonti* | */s/ Craig S. Waldman* |
| Joseph A. Fonti | Jonathan K. Youngwood |
| Nancy A. Kulesa | Craig S. Waldman |
| Evan A. Kubota | Meredith D. Karp |
| Thayne Stoddard | Kelsey E. Vickery |
| **BLEICHMAR FONTI & AULD LLP** | **SIMPSON THACHER & BARTLETT LLP** |
| 300 Park Ave., Suite 1301 | 425 Lexington Avenue |
| New York, New York 10022 | New York, New York 10017 |
| Telephone: (212) 789-1340 | Telephone: (212) 455-2000 |
| Facsimile: (212) 205-3960 | Facsimile: (212) 455-2502 |
| jfonti@bfalaw.com | jyoungwood@stblaw.com |
| nkulesa@bfalaw.com | cwaldman@stblaw.com |
| ekubota@bfalaw.com | meredith.karp@stblaw.com |
| tstoddard@bfalaw.com | kelsey.vickery@stblaw.com |

*Counsel for Lead Plaintiff Humberto Lozada* *Counsel for Defendants TaskUs, Inc., BCP FC*
*and Named Plaintiff Oklahoma Firefighters* *Aggregator L.P., Bryce Maddock, Jaspar Weir,*
*Pension and Retirement System* *Balaji Sekar, Amit Dixit, Mukesh Mehta, Susir*
*Kumar, and Jacqueline D. Reses*

*/s/ Michael K. Yarnoff*
John A. Kehoe
Michael K. Yarnoff
**KEHOE LAW FIRM, P.C.**
2001 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (212) 792-6676
jkehoe@kehoelawfirm.com
myarnoff@kehoelawfirm.com

*Additional Counsel for Lead Plaintiff*
*Humberto Lozada*

SO ORDERED

Date:  May 23  , 2024

_____
THE HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE

11