**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
HUMBERTO LOZADA, et al.*,*

                              Plaintiffs,                      **22 Civ. No. 1479 (JPC) (GS)**

            -against-                                             **ORDER**

TASKUS, INC., et al.*,*

                              Defendants.
-------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      On August 20, 2024, the undersigned held a conference to discuss the discovery disputes raised (i) by Plaintiffs in their letter of August 6, 2024 (Dkt. No. 99), to which Defendants responded on August 9, 2024 (Dkt. No. 102), and (ii) by Defendants in their letter of August 7, 2024 (Dkt. No. 100), to which Plaintiffs responded on August 12, 2024 (Dkt. No. 108).  Based on the colloquy and, in certain instances, the agreement of counsel during the conference, the Court makes the rulings below.

**Plaintiffs' Discovery Issues**

      1.    **ELT Materials**.  Defendants shall: (i) search for and produce responsive documents located in the "ELT centralized folder" (a Google drive folder); (ii) search for and produce emails or other communications reflecting the transmission of responsive ELT materials to members of the ELT by using the Google IDs of documents from (a) the linked documents in the ELT meeting spreadsheet and/or (b) any documents produced from the ELT centralized folder (or linked to within those documents); (iii) search for and produce responsive calendar invitations using the search terms "ELT" and "Executive Leadership Team" without connectors; and (iv) confirm all responsive Google chats have been produced to Plaintiffs or, if not, produce those communications.  Any responsive documents shall be produced by September 26, 2024.  In

addition, the parties shall meet and confer in an effort to agree upon a subset of custodians whose individual Google drive accounts should be searched for responsive documents.

    2.    **Defendants' Text and WhatsApp Messages**.  Defendants shall produce responsive text messages and WhatsApp messages on the personal devices of Defendants Maddock, Dixit, Kumar, and Mehta by September 12, 2024.

    3.    **Number of Depositions**.  Plaintiffs' request to exceed the ten-deposition limit contemplated by the Federal Rules of Civil Procedure is denied at this time for failure to demonstrate cause for such relief.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i); *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2022 WL 6991285 (S.D.N.Y. Oct. 12, 2022).  This ruling is without prejudice to Plaintiffs' submitting a properly supported application at a future date.

    4.    **Jobvite Programming.**  Defendants' counsel shall make further inquiry as to whether TaskUs has records of the software reflecting the programming for the Jobvite system in existence prior to the change that occurred in 2018 and, if it does, produce such records.

    5.    **Headcount and Attrition Data.**  The parties shall meet and confer to discuss Plaintiffs' position that Defendants' production is insufficient and work further to resolve this dispute on their own.

    6.    **Former Employee Productions.**  Based on the parties' representations in their letters and at the conference, this issue is no longer in dispute.

**Defendants' Discovery Issues**

    1.    **Non-Party Subpoenas.**  Plaintiffs are not entitled to text and WhatsApp messages on the personal devices of the current TaskUs employee and three former TaskUs employees referred to on page 2 of Defendants' August 7 letter, in view of the parties' prior negotiations and Plaintiffs' inability to demonstrate that such discovery is relevant and

proportionate to the issues in dispute. In all other respects, Defendants' objections to the non-party subpoenas served by Plaintiffs are denied, both because Defendants lack standing, *see GEOMC Co., Ltd., Calmare Therapeutics, Inc.*, No. 3:14-cv-1222 (VAB), 2020 WL 6375562, at *5 (D. Conn. Oct. 30, 2020) ("a party usually does not have standing to object to a subpoena directed to a non-party witness") (citation omitted), and because Defendants have failed to show that Plaintiffs have engaged in any harassing or other improper behavior in connection with these subpoenas.

2. **Plaintiffs' Text and WhatsApp Messages.** Defendants' request that Plaintiffs conduct searches of personal devices belonging to Plaintiff Lozada and three representatives of Plaintiff Oklahoma Firefighters Pension and Retirement System to confirm that they do not contain relevant text and WhatsApp messages is denied. The deposition testimony of Lozada and Chase Rankin that is quoted in Plaintiffs' August 12 letter indicates that Plaintiffs' devices would not contain any discoverable information and Defendants have been unable to articulate a reason to believe otherwise.

The parties are further directed to provide a joint status letter by September 30, 2024 as to the status of discovery.

The Clerk is respectfully directed to close Docket No. 100.

**SO ORDERED.**

DATED:   New York, New York
         August 22, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge