# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000

Direct Dial Number

+1-212-455-3539

E-mail Address

jyoungwood@stblaw.com

**VIA ECF**

Re:    *Lozada v. TaskUs, Inc.*, No. 22-cv-1479-JPC-GS

The Honorable John P. Cronan
United States District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Dear Judge Cronan:

Pursuant to Your Honor's Individual Rules and Practices in Civil Cases ("Individual Rules") 6.A., Defendants respectfully submit this pre-motion letter requesting leave to move to strike the Expert Reply Report of Chad Coffman (ECF 117-1) ("Rebuttal Report") submitted as Exhibit 1 in connection with Plaintiffs' Reply Memorandum of Law in Further Support of Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF 116) ("Reply"), or, alternatively, requesting leave to file a sur-rebuttal expert report, and a sur-reply brief.

On February 16, 2024, the Court entered a Civil Case Management Plan and Scheduling Order (ECF 58) ("Schedule") governing, among other things, class certification.  It allowed for a motion to be filed by Plaintiffs, "with any opening expert reports", followed by an opposition from Defendants "with any opening expert reports", and then a reply from Plaintiffs.  The Schedule did not provide for any expert reports to be submitted with the reply.

On May 10, 2024, Plaintiffs filed a motion for class certification with the Expert Report of Chad Coffman (ECF 75-1).  On July 19, 2024, Defendants submitted an opposition, along with the Expert Report of Bruce Deal (ECF 95-1).  On August 23, 2024, in contravention of the Schedule, and without conferring with Defendants or seeking leave of Court, Plaintiffs submitted a 10-page reply brief along with the improper 47-page Rebuttal Report (ECF 117-1).  The Rebuttal Report claims that Mr. Deal did not address a number of issues that he did address, and represents an attempt to go beyond the 10-page limit for the Reply by expanding upon arguments that did not fit in the Reply.  The Court should strike the Rebuttal Report (and references to it in the Reply) or, in the alternative, allow Defendants to file a sur-rebuttal expert report, a sur-reply brief and take Mr. Coffman's deposition.

## I.    The Rebuttal Report Is Improper and Should be Stricken

Plaintiffs' submission of the Rebuttal Report was plainly procedurally impermissible, a violation of both the existing scheduling order and a direct effort to circumvent page limitations.

Simpson Thacher & Bartlett LLP

The Honorable John P. Cronan        -2-        September 3, 2024

The Schedule (which does not alter the underlying page limits set by the Court's rules) does not permit the filing of an expert report alongside Plaintiffs' Reply brief.  Instead it states:

- "Plaintiffs shall file a motion for class certification, **with any opening expert reports**, on or before May 10, 2024.

- Defendants will depose Plaintiffs' class certification expert(s) and file their opposition brief, **with any opening expert reports**, on or before July 12, 2024.

- Plaintiffs will depose Defendants' expert(s) and file their reply brief on or before August 16, 2024."  ECF 58 (emphasis added).

On June 12, 2024, this Court approved a minor modification to the deadlines for class certification briefing, but the extension did not contemplate the filing of an additional expert report alongside the Reply (ECF 85).  Indeed, the order explicitly stated that the "deadline for Defendants to submit their opposition to Plaintiffs' class certification motion, **with any accompanying expert reports** . . .  is hereby extended to July 19, 2024" while by contrast it stated that the "deadline for Plaintiffs to submit their reply (see id. at ¶ 8(c)) is likewise extended to August 23, 2024."  *Id*. (emphasis added).

The Rebuttal Report also effectively circumvents the Court's 10-page reply brief limit. *See* Individual Rules 2.B.  The Reply treats the Rebuttal Report as a long appendix which it references for arguments that did not fit within the Reply itself.  For example, the Reply states that certain of Defendants' "arguments [regarding Mr. Coffman's event study]—refuted in detail in the Coffman Reply Report—fail" (ECF 116 at 8).  Further, the Rebuttal Report improperly contends that Mr. Deal did not address certain issues, such as whether the increase in TaskUs stock price on the first day of trading post-IPO shows front-end price impact from Defendants' alleged misstatement, and whether the Spruce Report allegation that "TASK's claim of a superior corporate culture evidenced by below industry standard workforce attrition appear to be highly exaggerated" was corrective (ECF 117-1 at 5-6).  In fact, Mr. Deal considered those issues and, when asked about them at his deposition, directly responded to these points (a fact not fully disclosed to the Court given that Plaintiffs elected to attach selected excerpts of his deposition that omitted the discussion of many of the very points Plaintiffs falsely claim Mr. Deal did not address) (ECF 117-5).  For example, regarding the "highly exaggerated" allegation in the Spruce Report, Mr. Deal testified that he did not understand that sentence to be a "separate allegation" but rather a "summary of the allegations I stud[ied]" as it was merely in the "overview section".  Plaintiffs' excerpted transcript does not include this response.

Since the filing of Plaintiffs' Rebuttal Report is plainly improper, this Court should grant Defendants leave to file a motion to strike the Rebuttal Report (and any references to it in the Reply).  A court has "inherent authority" to "strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015). Because the Rebuttal Report was not contemplated by the scheduling order, a motion to strike should be granted. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 412 F. Supp. 3d 392, 406 (S.D.N.Y. 2019) (striking expert report "not contemplated by the scheduling order").

Simpson Thacher & Bartlett LLP

The Honorable John P. Cronan         -3-          September 3, 2024

## II.     Alternatively, The Court Should Order A Deposition of Mr. Coffman, And Grant Defendants Leave to File a Sur-Rebuttal Expert Report And a Sur-Reply Brief

"Courts have broad discretion to consider arguments in a sur-reply," *see Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 2012 WL 4049955, at \*6 (S.D.N.Y. Sept. 14, 2012), and resolve disputes "concerning improperly served expert reports by affording the aggrieved party the opportunity to serve surrebuttal reports." *In re Specialist & Other Vessel Owner Limitation Actions,* 2020 WL 8665287, at \*2 (S.D.N.Y. June 30, 2020); *see Miami Prod. & Chem. Co. v. Olin Corp.,* 2022 WL 17746999, at \*1 (W.D.N.Y. Dec. 6, 2022)*.* Here, given that the Rebuttal Report was procedurally improper, at a minimum, Defendants respectfully request that they be afforded the opportunity to file a sur-rebuttal expert report, and a sur-reply brief of 10 pages. *See Grocery Haulers*, 2012 WL 4049955, at \*6 (accepting sur-reply where, *inter alia*, "new evidentiary materials" were submitted alongside the reply brief); *Freeland v. AT&T Corp.*, 238 F.R.D. 130, 138 (S.D.N.Y. 2006) (noting that "defendants were given an opportunity to write a sur-reply" where "plaintiffs had failed to demonstrate why it was appropriate to submit a new report with their reply, to which defendants would have no opportunity to respond[.]"). In advance, Mr. Coffman should sit for an additional deposition (Defendants will agree to limit it to 4 hours) in the first half of September.[1] Because prompt resolution of class certification is important to the future course of the case, Defendants would be prepared to work expeditiously and submit Mr. Deal's sur-rebuttal expert report, and a sur-reply brief within the greater of two weeks from the date of a Court order regarding the above or one week after Mr. Coffman's deposition.

Finally, "Federal Rules of Civil Procedure 16(f) and 37(c) give the court the authority to order the payment of reasonable expenses, including attorneys' fees, as a consequence for filing an expert report in violation of a schedule ordered by the court." *Advanced Analytics, Inc. v. Citigroup Global Mkts., Inc.*, 301 F.R.D. 47, 52 (S.D.N.Y. 2014); *Rekor,* 2022 WL 3141288, at \*2 (awarding attorney's fees for Plaintiff's motion to strike the expert reports where the expenses were caused by Defendants' improper submission of the reports); *Plentyhawk v. Sheikh,* 2016 WL 3086404, at \*4-5 (D. Mont. May 31, 2016) (requiring Plaintiffs to pay fees incurred by Defendants' experts to update their reports where Plaintiffs filed improper supplemental reports). The Rebuttal Report was submitted in violation of the Schedule, and any attorneys' fees and expert expenses incurred by Defendants in responding to it should be reimbursed.

Respectfully submitted,<br><br><em>/s/ Jonathan K. Youngwood</em><br><br>Jonathan K. Youngwood

cc: All counsel of record (via ECF)

---

[1] *Rekor Sys., Inc. v. Loughlin,* 2022 WL 3141288, at \*1 (S.D.N.Y. Aug. 5, 2022) (permitting discovery to be reopened for the deposition of an expert where Defendants served an untimely expert report).

Defendants are granted leave to file a sur-reply and sur-rebuttal report on or before the later of September 18, 2024, or one week after an additional deposition of Mr. Coffman has taken place. The parties are directed to promptly find a mutually agreeable time for Mr. Coffman to sit for an additional deposition, which shall last no more than four hours.

SO ORDERED.
Date: September 4, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge