# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

**VIA ECF**                                                                                  September 30, 2024

Re:      *Lozada v. TaskUs, Inc.*, No. 22-cv-1479-JPC-GS

The Honorable Gary Stein
United States District Court, Southern District of New York
500 Pearl Street, Room 702, New York, New York 10007

Dear Judge Stein:

Defendants respectfully submit this response in opposition to Plaintiffs' September 25 letter motion to compel challenging certain privilege and confidentiality assertions by Defendants (ECF 135). The challenged privilege and confidentiality assertions are well founded and narrowly drawn, reflecting a relatively small portion of the more than 37,000 documents produced (following a review of more than 300,000). As Plaintiffs acknowledge, the parties have engaged in extensive conversations over the past weeks to narrow the scope of any disputes. This leaves the three topics outlined in Plaintiffs' letter, although even portions of these remaining disputes are now moot given document productions made prior to the filing of the letter, as detailed in the attached Exhibit 1. Defendants stand behind the remaining challenged privilege and confidentiality assertions. If helpful to the Court, Defendants will provide a sample of any remaining challenged documents for *in camera* review, as well as any declarations in support.

## I.      External Communications with Third Parties

The disclosure of privileged communications to a third party does not mandate a privilege waiver. *See, e.g., Spectrum Dynamics Med. Ltd. v. GE*, 2021 WL 4131650, at *2 (S.D.N.Y. Sep. 9, 2021) ("Notwithstanding [the] general rule, there are circumstances where courts have not found a waiver [of privilege] even where attorney-client communications were shared with a third party."); *Viacom, Inc. v. Sumitomo Corp. (In re Copper Mkt. Antitrust Litig.)*, 200 F.R.D. 213, 221-20 (S.D.N.Y. 2001). The sharing of documents with the parties addressed in Plaintiffs' motion does not waive privilege.[1]

**PwC**: Privileged documents and communications shared with third parties do not lose their protection where the third party is acting as the functional equivalent of an employee. *See, e.g., Copper*, 200 F.R.D. at 219 (finding third-party public relations consultant was "the functional equivalent of" an employee where it was brought in to "perform a corporate function that was necessary" and for which the company's "internal resources were insufficient to cover the task"). "[M]ultiple courts in the Second circuit have concluded that, when a non-lawyer advisor is the 'functional equivalent of an employee,' the attorney-client privilege extends to communications between the *de facto* employee and the company's counsel." *In re Martinez Sampedro*, 2019 WL 7207361, at *7 (D. Conn. Dec. 27, 2019), *aff'd sub nom. Sampedro v. Silver Point Cap., L.P.*, 818 F. App'x 14 (2d Cir. 2020), *as amended* (June 5, 2020). In determining whether a third party was the functional equivalent of an employee, courts consider factors such as whether a company's internal resources were insufficient to cover a task and/or whether the party had unique knowledge

---

[1] Plaintiffs do not address Defendants' work product assertions in their letter. "[W]ork product protection is not waived merely because the material is disclosed to a third party. Protection is waived only when work product is disclosed to a third party in a manner that is inconsistent with the purpose of the protection." *Gartner, Inc. v. HCC Specialty Underwriters, Inc.*, 2024 WL 1908085, at *1 (S.D.N.Y. May 1, 2024).

The Honorable Gary Stein                    -2-                    September 30, 2024

for the task.  *See, e.g.*, *Copper,* 200 F.R.D. at 219.  Contrary to the cases cited by Plaintiffs,[2] PwC was hired by TaskUs to perform an integral internal function in relation to TaskUs's public offerings and regarding internal controls over financial reporting that the company was not equipped to handle internally.  *See Ross v. UKI Ltd.*, 2004 WL 67221, at *5 (S.D.N.Y. Jan. 15, 2004) (upholding privilege where third-party assisted in "sourcing and negotiating the financing and advising on the finance documents").  PwC exercised independent decision-making authority, possessed information not possessed by others at TaskUs, worked on TaskUs's behalf with internal and external counsel, and sought legal advice from TaskUs's counsel.  Because PwC was functionally an employee filling a key role, it does not waive privilege.

**Blueshirt Group**: As with PwC, Blueshirt Group was hired by TaskUs to perform an integral internal function and acted as the functional equivalent of a TaskUs employee.  Blueshirt Group was hired to assist with investor relations in connection with TaskUs's public offerings, as TaskUs did not have an internal investor relations function until after the IPO.  Blueshirt also sought legal advice from TaskUs's counsel as part of their work for the company. Blueshirt was thus functionally an employee filling key roles and does not waive privilege.  *See id.*

**Underwriting Syndicate**: Privileged documents and communications shared with third parties do not lose their protection "so long as the third party and the client share a common legal interest and the parties cooperate in developing a common legal strategy." *Brunckhorst v. Bischoff*, 2022 WL 2764020, at *1 (S.D.N.Y. July 15, 2022); *see also GMA Accessories, Inc. v. HMY Jewelry, Inc.*, 2021 WL 1885260, at *1-2 (S.D.N.Y. May 11, 2021).  Plaintiffs argue that Defendants are required to "prove 'identical legal interests' to avoid waiver."  ECF 135 at 2.  However, while "some courts in this circuit have articulated a requirement that the common interest be 'identical' and not merely 'similar,' other courts have disagreed, and 'have simply focused on whether the parties had interests in common without exploring whether they were identical.'" *GMA Accessories*, 2021 WL 1885260, at *1.  Defendants' privileged communications do not lose their protection when shared with lead underwriters Goldman Sachs and J.P. Morgan[3] because as of August 2020 the lead underwriters shared a common legal interest in assuring that the public disclosures made in TaskUs's S-1 filings adhered to disclosure requirements and federal regulations.  *See, e.g., In re Bank of N.Y. Mellon Corp.*, 66 F. Supp. 3d 406, 413 (S.D.N.Y. 2014) (finding that bank's disclosure of document to third party "investment managers, aimed as it was at securing compliance with the requirements of ERISA, was protected by the common interest doctrine and the attorney-client privilege.").[4]  TaskUs's internal and external counsel were included in relevant communication to assist in the parties' joint legal strategy.

**Other External Communications**:  Plaintiffs identify thirteen third parties that appear on the privilege logs for which they dispute privilege.  ECF 135 at 2-3, 6.  All of the documents with these third parties were produced to Plaintiffs prior to the filing of their letter.  The only third party

---

[2] *See, e.g., Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co.,* 232 F.R.D. 103 (S.D.N.Y. 2005) (finding that a financial consultant hired specifically for the purpose of advising the company on restructuring its debt obligations was not the functional equivalent of an employee").

[3] Though Plaintiffs reference the broader underwriting syndicate in their letter, only the lead underwriters remain on Defendants' privilege log as a result of the productions made by Defendants prior to the filing of Plaintiffs' letter.

[4] *See also, e.g.,* Schaeffler v. United States, 806 F.3d 34, 37 (2d Cir. 2015) ("[T]he attorney-client privilege was not waived by [company's] provision of documents to a consortium of banks [] sharing a common legal interest in the tax treatment of a refinancing and corporate restructuring[.]").

Simpson Thacher & Bartlett LLP

The Honorable Gary Stein                    -3-                    September 30, 2024

that remains at issue is Defendant Reses' administrative assistant, Michelle Garcia-Vasquez. The presence of an assistant on an otherwise privileged email does not break that privilege. *See Tower 570 Co. LP v. Affiliated FM Ins. Co.*, 2021 WL 1222438, at *3 (S.D.N.Y. Apr. 1, 2021).

## II.    Unknown Participants

Plaintiffs identify 37 email addresses on Defendants' privilege logs that purportedly contain "unknown participants." *See* ECF 135 at 3, 6-7.  As an initial matter, of the 37 email addresses identified, plaintiffs erroneously included four truncated versions of three email addresses already included on their list.  For example, Plaintiffs refer to a Goldman Sachs distribution list incorrectly, making it appear as though Defendants withheld documents sent to the entire company, which is not the case.  Further, as a result of productions Defendants made prior to the filing of Plaintiffs' letter, only 20 of the listed email addresses remain, which Defendants are continuing to investigate.  Roughly half of these email addresses are distribution lists for TaskUs and Blackstone.  Legal advice rendered by counsel to the corporation which is disseminated to employees does not waive the privilege. *See In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 2020 WL 8465433, at *2 (S.D.N.Y. Oct. 30, 2020) ("the privilege protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation, and thus the dissemination of confidential communications to [the corporation's employees] does not defeat the privilege.").  Nearly all of the remaining email addresses are distribution lists that plainly appear limited to the TaskUs deal team at lead underwriters Goldman Sachs and J.P. Morgan.  Privilege emails sent to these distribution lists are subject to the common interest doctrine discussed above.

Plaintiffs' claim that Defendants have "failed to identify all of the participants in Google Discussion Threads," ECF 135 at 3, does not accurately reflect the documents referenced.  As the example Plaintiffs cite in their letter (ECF 135-11) shows, the emails Plaintiffs reference have been sent by a no-reply Google documents email address to one recipient.

## III.    Redacted Documents Missing from Privilege Logs

Defendants have removed the privileged redactions and reproduced the eight documents that Plaintiffs identify in footnote 1 of their letter.  As to the remainder of the documents Plaintiffs argue are missing from the logs, they do not contain privilege redactions.  Rather, these documents contain redactions for confidential or personally identifiable information that is not relevant to the claims or defenses in this action.  Courts in this District have held that irrelevant information may be redacted. *See, e.g., Kaiser Aluminum Warrick, LLC v. US Magnesium LLC*, 2023 WL 2482933, at *2 (S.D.N.Y. Feb. 27, 2023) ("[T]his Court believes relevancy redactions can be appropriate in some cases."); *Strategic Growth Int'l, Inc. v. RemoteMDX, Inc.*, 2007 WL 3341522, at *2 (S.D.N.Y. Nov. 9, 2007); *Topps Co. v. Koko's Confectionary & Novelty*, 2018 WL 4440502, at *9 (S.D.N.Y. Sep. 17, 2018).  Here, a number of the confidentiality redactions identify the names of Blackstone's limited partners, which are confidential and not relevant to the case in any fashion. Moreover, disclosure of the identities of such parties could potentially trigger notice requirements in LP agreements. The burden of providing such notice far outweighs any potential benefit to Plaintiffs in receiving this wholly irrelevant information.  Additionally, portions of presentations that have nothing to do with TaskUs, but instead pertain to investments in other companies and business strategies unrelated to TaskUs, have been redacted.  Such information has no relevance to this case.  Defendants respectfully request that the Court conduct an *in camera* review of these documents prior to any determination that they must be produced without redactions.

Simpson Thacher & Bartlett LLP

The Honorable Gary Stein                    -4-                    September 30, 2024

Respectfully submitted,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood

cc:  All counsel of record (via ECF)