# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number                                          E-mail Address

+1-212-455-3539                                        jyoungwood@stblaw.com

**VIA ECF**                              October 22, 2024

Re:    *Lozada v. TaskUs, Inc.*, No. 22-cv-1479-JPC-GS

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, New York 10007

Dear Judge Stein:

Defendants respectfully submit this letter in response to Plaintiffs' October 17 letter (ECF 145).

Rule 30(a)(2)(A)(i) allows a party to take 10 depositions without leave of the Court unless the parties have stipulated otherwise. Plaintiffs did not raise any purported need for additional depositions when negotiating the initial schedule, and the Scheduling Order entered in February set a schedule with the assumption that the default limitation of 10 depositions was in place. *See* ECF 58. Defendants respectfully suggest that nothing has happened in the case since February that would warrant revisiting the decision to proceed within the presumptive deposition limit set by Rule 30.

Nonetheless, in early August, Plaintiffs sought leave to take more than 10 depositions, arguing it was "warranted given the scale and complexity of this securities class action, the presence of nine Defendants (nearly exhausting the Rule's 10-deposition default,) and many fact witnesses' location outside the District, making them presumptively unavailable for trial."[1] ECF 99 at 3. At the August 20 conference, more than two months ago, Your Honor denied Plaintiffs' request to exceed the ten-deposition limit "for failure to demonstrate cause for such relief," but invited Plaintiffs to submit an application with appropriate support at a future date. *See* ECF 145 at 1.

Plaintiffs did not make such an application for leave. Instead, several weeks later, Plaintiffs proposed to Defendants that they take half-day depositions of four Defendants in exchange for Defendants agreeing to allow each of these four depositions to count as only half a deposition for the purposes of counting to 10, notwithstanding that 12 individuals would

---

[1]    Plaintiffs were aware in February that there were nine defendants in the case. That number has not changed throughout discovery in this action.

Simpson Thacher & Bartlett LLP

The Honorable Gary Stein                    -2-                    October 22, 2024

be deposed.  Defendants were amenable to this proposal, but sought to confirm that Plaintiffs would not seek additional depositions beyond the 12 that were being contemplated.  Plaintiffs rejected this agreement, making clear that they were not in fact offering an actual limit on the number of depositions for this action, and might ultimately seek more than 12.  Plaintiffs then filed their October 17 letter and confirmed that they were now reserving the right to take full day depositions of directors Kumar, Dixit and Mehta.

In their October 17 submission, Plaintiffs seek leave to take two additional depositions, asserting that both witnesses "possess relevant, non-duplicative information."  ECF 145 at 1.  As Judge Cronan explained in *Brunckhorst v. Bischoff,* Plaintiffs are required to "demonstrate[e] cause to exceed the ten deposition limit contemplated by the Federal Rules."  2022 WL 6991285, at *1 (S.D.N.Y. Oct. 12, 2022).  The Court should decline to extend discovery "if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)).  The Court may also consider "whether 'the party seeking discovery has had ample opportunity to obtain the information by discovery in the action' and whether 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'"  *Id.* (internal citation omitted).  The limit on ten depositions "enables courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of [w]ide ranging discovery."  *Id.*  As such, "although a witness might have discoverable information, a party is not always entitled to depose that individual."  *Id.*

Here, Plaintiffs fail to justify their need to take two additional depositions at this late stage, and the testimony Plaintiffs seek will be cumulative or duplicative of other witnesses deposed.  Plaintiffs do not "identify specific reasons why the anticipated deposition testimony would not be duplicative or cumulative of prior testimony or other information obtained during discovery."  Id. at *2.  Indeed, Plaintiffs are not even willing to say that these are the only two additional depositions they seek to take – making it impossible to evaluate the full field of discovery they intend to take in this action.  Further, many of the ten depositions that Plaintiffs are permitted to take under Rule 30 have not yet taken place.  If Plaintiffs believe that the two additional depositions they seek are truly necessary, they still have the opportunity to pursue these depositions over the depositions that have not yet occurred.

### Defendant Jacqueline Reses

Plaintiffs assert that Ms. Reses' testimony will not be "duplicative or cumulative because its principal topic—Section 11's 'due diligence' defense—is necessarily personal to her."  ECF 145 at 2.  However, this is an insufficient justification.  Plaintiffs originally identified Ms. Reses, one of the seven individual Defendants in this case, as one of the ten depositions they intended to take.  On October 14, Plaintiffs dropped Ms. Reses from their list of ten in favor of non-party Gretchen Barker.  Their decision to depose a non-party rather than a party is not a basis for increasing the cap on depositions.  If Plaintiffs believed deposing Ms. Reses was a necessity because of the due diligence defense, they could have pursued her deposition rather than the testimony of a non-party who will testify about subjects other

Simpson Thacher & Bartlett LLP

The Honorable Gary Stein                    -3-                    October 22, 2024

deponents will or have already testified about.[2]   Were Plaintiffs' tactics permitted, any plaintiff could seek ten non-party depositions first and then seek leave to depose the defendants on the basis that they need to examine the defendants regarding their defenses, rendering Rule 30's limitation a nullity.

Moreover, Defendants have produced documents from Ms. Reses, and Plaintiffs have served extensive written discovery, including discovery seeking the basis for her due diligence defense.  Plaintiffs offer no explanation as to why the discovery sought from Ms. Reses cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).  Plaintiffs have not demonstrated cause to take the deposition of Defendant Jackie Reses.

**<u>Rajnish Sinha</u>**

Plaintiffs argue that Mr. Sinha's testimony will not be duplicative or cumulative because he is "the only Chief People Officer Plaintiffs seek to depose" and "███████████ ███████████████████████████████████."  ECF 145 at 3.  However, these reasons do not say how his testimony would not be duplicative or cumulative of the other depositions Plaintiffs are taking.  Mr. Sinha was not the only individual at TaskUs involved with attrition.  Other individuals being deposed, including Balaji Sekar, will cover this and other overlapping topics.  Defendants also anticipate that Plaintiffs' 30(b)(6) deposition notice served on TaskUs will address the same topics, including attrition, that Plaintiffs have identified as to Mr. Sinha.  Because Plaintiffs can obtain the testimony they seek from Mr. Sinha through the 30(b)(6) deposition, Mr. Sinha's testimony would be duplicative.  *See, e.g., United States v. EES Coke Battery, LLC*, 2024 WL 4453755, at *2 (E.D. Mich. Oct. 9, 2024) (finding additional depositions "unnecessary" where the testimony sought can be obtained through the 30(b)(6) witness).

*              *              *

Defendants respectfully request that the Court deny the request in Plaintiffs' October 17 letter to take additional depositions.

Respectfully submitted,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood

cc:  All counsel of record (via ECF)

---

[2]   Plaintiffs have suggested that they want to take Ms. Barker's deposition because of her role as "the primary recordkeeper for TaskUs's ELT meetings."  ECF 145 at 2.  However, Plaintiffs will already be taking the depositions of three ELT members and have sought testimony regarding ELT meetings, including recordkeeping policies and practices, in their 30(b)(6) notice to TaskUs.