UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- X
HUMBERTO LOZADA, et al.,

                        Plaintiffs,

          - against -

TASKUS, INC, et al.,

                       Defendants.
---------------------------------------------------------------------------- X

22 Civ. 1479 (JPC) (GS)

ORDER

**GARY STEIN, United States Magistrate Judge:**

Following the parties' August 20, 2024 conference before the undersigned, the Court issued an Order ruling on numerous disputed discovery issues that were discussed at the conference. (Dkt. No. 110). In that Order, the Court directed Defendants to search for and produce certain materials and instructed the parties to meet and confer further on other issues. (*See id.*). The parties were directed to submit a joint letter by September 30, 2024 on the status of discovery. (*Id.* at 3). Rather than doing so, Plaintiffs submitted their own letter on that deadline that is over three single-spaced pages in length and identifies at least eight separate issues of dispute. (Dkt. No. 138). Defendants submitted a letter the same day, stating that while the parties had been working on a draft of the letter together, Plaintiffs sent Defendants a revised draft on the evening it was due with "more than 50% new text" and an "additional three pages in length." (Dkt. No. 136). Thereafter, on October 2, 2024, Defendants submitted a letter indicating their position on the discovery issues raised by Plaintiffs in their September 30 letter. (Dkt. No. 140).

The Court is disappointed, to say the least, that the parties were not capable of submitting

1

a joint status letter. Plaintiffs' submission fails to comply not only with the Court's Order, but also with the undersigned's Individual Practices in Civil Cases setting a three-page limit for letters.

It is unclear to the Court if and to what extent the issues raised by Plaintiffs are still in dispute. At the time they made their submission on September 30, 2024, Plaintiffs stated they were "in the process of reviewing" Defendants' September 26, 2024 document production. (Dkt. No. 138 at 1). Moreover, in a letter motion filed on October 17, 2024, which raises additional and separate discovery disputes, Plaintiffs represent that since September 26, 2024, Defendants have produced "40,857 pages of new documents." (Dkt. No. 145 at 1).

Accordingly, the parties are directed submit a joint status letter by no later than **November 12, 2024** identifying any remaining areas of disagreement. The letter shall be no longer than three pages, single-spaced and Plaintiffs' portion shall be no longer than one and a half pages of the joint letter. The parties are further advised to keep in mind the points below prior to submitting their letter.

*First*, the Court is entitled to rely on the representations of Defendants' counsel that they have complied with their discovery obligations, absent a particular basis to disbelieve such representations. *See, e.g.*, *Greer v. Carlson*, No. 20 Civ. 5484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) (relying on defense counsel's representation that documents sought by plaintiff did not exist; "counsel is admitted to practice in this Court and is an officer of the Court" and "[i]f a statement made by counsel is false, he can be subject to discipline"); *Kozak v. Off. Depot, Inc.,* No. 1:16 Civ. 943 (LJV) (JJM), 2020 WL 12957618, at *2 (W.D.N.Y. June 22, 2020) ("[t]he court is entitled to rely on the representations of counsel, as officers of the court," pertaining to completeness of document production) (citation omitted), *aff'd*, 2020 WL

5757183 (W.D.N.Y. Sept. 28, 2020).

*Second*, the fact that the parties' agreed-upon search terms returned substantially more documents than were eventually produced is not a basis to question Defendants' representations that they have reviewed the documents and produced all responsive information.  *See Pennolino v. Cent. Prods. LLC*, No. 22 Civ. 5051 (LJL), 2023 WL 4865878, at *1 (S.D.N.Y. July 31, 2023) ("Plaintiff is not entitled to the results of a broad keyword search but only those documents that Defendant identifies as responsive."); *Kaye v. New York City Health & Hosps. Corp.*, No. 18 Civ. 12137 (JPO) (JLC), 2020 WL 283702, at *2 (S.D.N.Y. Jan. 21, 2020) ("It is only if a party can articulate a good faith basis to do so by identifying some deficiency in the production, as is well-settled, that an inquiry into the producing party's methodology would be appropriate.") (citation omitted).

*Third*, Plaintiffs' untimely document request that is articulated in Paragraph 5 of their September 30 letter is plainly outside the scope of their initial request for documents sufficient to show headcount and attrition data.  (*See* Dkt. No. 138 at 5).

*Fourth*, the Court will not entertain any requests for its intervention on issues where it is evident that the parties have not adequately met and conferred or even attempted to do so.  (*See, e.g.*, Dkt. Nos. 138 ¶¶ 2, 7(a) & 140 ¶¶ 2, 7).  Plaintiffs' statement that a conference with the undersigned "would be useful to resolve" these issues implies the misapprehension that this would be a substitute for the parties' obligation to meet and confer in good faith.  (Dkt. No. 138 at 4).  It is not.

**SO ORDERED.**

DATED:   New York, New York
         October 30, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge

3