# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| | |
|---|---|
| Direct Dial Number | E-mail Address |
| +1-212-455-3539 | jyoungwood@stblaw.com |

**VIA ECF**                                               September 20, 2024

               Re:     *Lozada v. TaskUs, Inc.*, No. 22-cv-1479-JPC-GS

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Dear Judge Cronan:

      Defendants respectfully request that the unredacted versions of Exhibits 1 and 2 to the Sur-Reply Declaration of Jonathan K. Youngwood remain filed under seal.[1]

      Exhibits 1 and 2 should remain redacted to protect Defendants' sensitive business information. At the outset, the redactions to Exhibits 1 and 2 are narrow (Defendants have only redacted portions of paragraphs 62-65 from Exhibit 1, and page 252, lines 15-19; page 282, lines 3, 8-10 and 24; page 283, lines 3-4, 19 and 23-25; and page 284, lines 14, 18-19 and 22-24 from Exhibit 2. They are based on the agreed-upon proposed redactions for "ECF 117-4: Ex. 4 – TASK_0146838" laid out in the parties' joint letter to the Court dated September 11, 2024 (ECF 124).

      Further, while there is a presumption of public access to certain judicial documents, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Documents may be filed under seal where necessary to protect "business secrecy." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.,* No. 19-CV-9439 (PKC), 2020 WL 3264264, at *1-3 (S.D.N.Y. June 17, 2020).

      Here, the redacted portions of Exhibits 1 and 2 cite to and describe a confidential TaskUs presentation provided by an underwriter containing curated feedback from potential investors regarding TaskUs's competitive differentiators from its peers in the BPO industry; a specific

---

[1]    This request is made pursuant to Paragraph 14 of the Stipulated Confidentiality Agreement and Protective Order (ECF 63) ("Protective Order"), Section 4.B.ii of Judge Cronan's Individual Rules and Practices in Civil Cases, and the Court's ECF Rules & Instructions, Section 6.

Simpson Thacher & Bartlett LLP

The Honorable John P. Cronan      -2-      September 20, 2024

metric regarding TaskUs a potential investor highlighted; and specific questions regarding TaskUs's business metrics and operations potential investors raised.

The disclosure of this redacted information could give commercial competitors and other market participants unnecessary insight into TaskUs business strategy—by revealing, among other things, areas of TaskUs's business potential investors were focused on, specific investor questions and concerns TaskUs was analyzing, and TaskUs's possible business strategies in light of investor questions. *Telegram,* 2020 WL 3264264, at *1-3 ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *see Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.,* No. 116CV04762LTSKNF, 2022 WL 1450737, at *2 (S.D.N.Y. May 9, 2022) ("In the context of business documents like those at issue here, a party may overcome the presumption of access upon a showing of higher values such as 'the protection of sensitive, competitive, or proprietary business information.'").

For the reasons discussed above, Defendants request that unredacted versions of Exhibits 1 and 2 remain sealed.

Respectfully submitted,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood

cc:  All counsel of record (via ECF)

> The request to keep filed under seal the unredacted versions of Exhibits 1 and 2 to the Sur-Reply Declaration of Jonathan K. Youngwood is granted. The Court finds that Defendants' interest in maintaining the confidentiality of the identified portions of Exhibits 1 and 2, which consist of information concerning TaskUs' confidential business strategy and feedback from investors, outweighs the presumption of full public access to the judicial documents in which that information is contained. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Clerk of Court is respectfully directed to maintain the unredacted versions of Exhibits 1 and 2, *see* Dkts. 130, 132, under seal. The Clerk of Court is also respectfully directed to close Docket Number 128.
>
> SO ORDERED.
> Date: March 26, 2025
> New York, New York
>
> JOHN P. CRONAN
> United States District Judge