UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X
HUMBERTO LOZADA and OKLAHOMA : 
FIREFIGHTERS PENSION AND RETIREMENT :
SYSTEM, individually and on behalf of all others :
similarly situated, : 22 Civ. 1479 (JPC) (GS)
 :
                Plaintiffs, : ORDER
 :
      - against - :
 :
TASKUS, INC, et al., :
 :
              Defendants. :
------------------------------------------------------------------------------- X

**GARY STEIN, United States Magistrate Judge:**

      Judge Cronan has referred Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement to the undersigned for a report and recommendation. (Dkt. No. 181). Having reviewed the papers submitted in support of the motion (Dkt. Nos. 175-177), the Court is prepared to recommend that Judge Cronan grant Plaintiffs' motion and enter Plaintiffs' proposed Order Preliminarily Approving Settlement (Dkt. No. 176-2), subject to the following modifications:

      1.      The proposed Order Preliminarily Approving Settlement, consistent with the provisions of the Stipulation of Settlement, directs that in their objections, objectors must, *inter alia*, "identify any other class action settlement(s) in which the objector or the objector's attorney has objected." (Dkt. No. 176-2 at 10-11). The Court believes this requirement is burdensome and unnecessary and should be stricken. If the parties wish to retain this requirement, they shall submit a letter setting forth the reasons for that request.

      2.      Under the Proposed Schedule of Settlement Events, the deadline for Settlement Class Members to submit proof of claims is 90 days after the Notice Date, which would mean

1

that claims could be submitted after the date for the fairness hearing, which is to be set 90 days after entry of the preliminary approval order. (Dkt. No. 76 at 20). The Court intends to set a date for the fairness hearing after the deadline for submitting claims, so that the Court may be informed prior to or at the fairness hearing as to how many claims have been submitted. If the parties agree, they shall propose a revised Schedule of Settlement Events. If the parties wish to object to that change, they shall submit a letter setting forth the reasons for that objection.

3. The Stipulation of Settlement (Dkt. No. 176-1) contains mistaken cross references. For example, the first page of the Stipulation of Settlement states that it is intended to settle "the Released Claims (as defined in ¶1.37 hereof), upon and subject to the terms and conditions hereof and the Court's approval." However, the term "Released Claims" is not defined in Paragraph 1.37 of the Stipulation, which instead defines the term "Releases." The term "Released Claims" is defined in Paragraph 1.35. Further, the definition of the term "Released Claims" in Paragraph 1.35 contains two references to "Unknown Claims as defined in ¶1.48 hereof." In fact, there is no Paragraph 1.48 in the Stipulation and the term "Unknown Claims" is defined in Paragraph 1.47. The parties shall submit a revised Stipulation of Settlement correcting these errors and any other erroneous cross-references found following a review of all the cross-references in the Stipulation.

After receiving the parties' response to this Order, the Court shall issue its report and recommendation to Judge Cronan.

**SO ORDERED.**

Dated:   New York, New York
         May 20, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge