**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P., <br><br> Defendants. | Case No. 1:22-cv-01479-JPC-GS <br><br> CLASS ACTION |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFFS' REASONABLE COSTS AND EXPENSES**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice ("Notice Order") dated June 13, 2025, on Lead Counsel's motion for the award of: (1) attorneys' fees, (2) litigation expenses, and (3) Plaintiffs' reasonable costs and expenses. Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of the Litigation and all matters relating to the Settlement, and personal jurisdiction over all Parties to the Litigation, including all Members of the Settlement Class.

- 1 -

2.      All defined terms contained herein shall have the same meanings as set forth in the in the Stipulation of Settlement, dated May 27, 2025 (ECF 187-1) (the "Stipulation"), unless otherwise defined herein.

3.      The Court finds that Settlement Class Members received the best notice practicable under the circumstances of these proceedings and of the requested awards, and that this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act, due process, and any other applicable law.

4.      Lead Counsel is awarded attorneys' fees in the amount of 30% of the Settlement Fund ($5,250,000, plus interest at the same rate and for the same period as earned by the Settlement Fund, until paid), to be paid from the Settlement Fund.

5.      Lead Counsel shall allocate the attorneys' fees among other Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and resolution of the Litigation.

6.      Lead Counsel is awarded litigation expenses in the amount of $924,556, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

7.      In making these awards of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      Plaintiffs' Counsel's efforts on behalf of the Settlement Class have created a common fund of $17.5 million in cash;

(b)      The requested attorneys' fees are consistent with awards in similar cases;

(c)     The requested attorneys' fee has been reviewed and approved as reasonable by Plaintiffs, who oversaw the prosecution and resolution of the Litigation, as detailed in the Declaration of Lead Plaintiff Humberto Lozada and the Declaration of Chase Rankin on behalf of Named Plaintiff Oklahoma Firefighters Pension and Retirement System;

(d)     Plaintiffs' Counsel secured the Settlement through skilled advocacy and heavy investment of time and resources, including investigating and drafting the Complaint and the Amended Complaint, opposing Defendants' motion to dismiss the Amended Complaint, briefing Plaintiffs' motion for class certification (including the submission of two expert reports and conducting three expert depositions), completing extensive discovery (including securing over 540,000 pages of documents and conducting 13 fact depositions), working to prepare opening expert reports, and preparing for and successfully mediating the Litigation;

(e)     The Litigation involved a number of complex issues, and, absent the Settlement, would involve lengthy further proceedings, leaving the Settlement Class exposed to significant risks of recovering less or nothing from Defendants;

(f)     Plaintiffs' Counsel prosecuted the Litigation for nearly three years on a contingent basis and devoted more than 8,600 hours to the Litigation, with a lodestar value of over $7 million;

(g)     Plaintiffs' Counsel worked efficiently, and the fee awarded results in a lodestar multiplier of 0.74, which further supports the reasonableness of the attorneys' fee award;

(h)     Public policy considerations favor the attorneys' fee award; and

(i)     The requested expenses are fair and reasonable, and they were reasonably and necessarily incurred to prosecute the Litigation.

- 3 -

8.    Consistent with the Stipulation, the fees and expenses awarded pursuant to this Order are payable immediately upon entry of this Order, notwithstanding any appeals.

9.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

10.    In accordance with 15 U.S.C. § 78u-4(a)(4), the Court awards reasonable costs and expenses to Plaintiffs in the amounts of $9,750 to Lead Plaintiff Humberto Lozada and $7,000 to Named Plaintiff Oklahoma Firefighters Pension and Retirement System, to be paid from the Settlement Fund.

11.    [All objections to the awards are overruled.]

12.    There is no just reason for delay in the entry of this Order, and the Court directs immediate entry of this Order by the Clerk of the Court.


IT IS SO ORDERED.


DATED:_____


BY THE COURT:


_____

Judge John P. Cronan

United States District Court for the
Southern District of New York