# Exhibit 1

## Murphy Declaration

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiffs,<br><br>v.<br><br>TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P.,<br><br>Defendants. | Case No.  1:22-cv-01479-JPC-GS<br><br>CLASS ACTION |

**DECLARATION OF DAVID M. MURPHY IN SUPPORT OF SETTLEMENT**

DAVID M. MURPHY declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.      I submit this Declaration in my capacity as the mediator in the above-captioned securities class action and in connection with the proposed Settlement of the Litigation.[1]  I make this Declaration based on personal knowledge and am competent to so testify.[2]

## I.    BACKGROUND AND QUALIFICATIONS

2.      I am a full-time Mediator, Arbitrator, and Independent Panelist with Phillips ADR. I specialize in resolving complex litigation all over the country.  As part of my ADR practice, I mediate more than 100 commercial cases per year, including federal class action securities law cases, shareholder derivative suits, breach of fiduciary duty and corporate control cases, antitrust matters, patent litigation, investment company, bankruptcy, environmental, construction, contract and tort cases, and other types of business disputes.

3.      I earned my Bachelor of Arts degree from Yale University in 1986, and my law degree from the University of Chicago Law School in 1989.

4.      Prior to joining Phillips ADR Enterprises in 2017, I spent 26 years as a litigation partner of Wachtell, Lipton, Rosen & Katz.

5.      My professional biography can be found here:   https://phillipsadr.com/our-team/david-m-murphy/.

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement, dated May 27, 2025 (the "Stipulation") (ECF 187-1).

[2] While the mediation process is confidential, the parties have authorized me to inform the Court of the matters set forth herein in support of final approval of the Settlement.  My statements and those of the parties during the mediation process are subject to Federal Rule of Evidence 408, and there is no intention on either my part or the parties' part to waive the protections of Rule 408.

## II.      THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

6.      On January 28, 2025, the parties held a private, full-day, in-person mediation session before me.  The attendees included members of Plaintiffs' Counsel, Plaintiffs, Defendants' Counsel, and representatives of Defendants' insurance carriers.  Prior to the mediation session, the parties submitted and exchanged opening and reply briefs with extensive exhibits, and I conferred separately with both sides.

7.      During the January 28 mediation session, I held private caucus sessions with each side, testing with a series of questions the strengths and weaknesses of the parties' claims and defenses and discussing Defendants' insurance coverage.  Throughout the day, the parties made offers and counteroffers to resolve the Litigation, but the parties were not able to reach a resolution on that first day of mediation.

8.      After the session, I continued to confer with each side and ultimately decided to make a mediator's recommendation to settle the case for a cash payment of $17.5 million.  The parties accepted my mediator's recommendation on January 30, 2025, and subsequently negotiated and executed the Stipulation of Settlement now before this Court.

## III.     CONCLUSION

9.      By express written agreement between the parties, the details of our mediation are strictly confidential.  I am not at liberty to discuss the substance of these discussions.  However, based on my experience as a litigator and a mediator, and based on the detailed briefing and caucus sessions that took place in this particular mediation, I can attest that the mediation was hard-fought and adversarial, and that both sides were represented by zealous, seasoned and well-prepared counsel with demonstrated expertise in litigating federal securities law claims.  Although the determination whether the Settlement is fair and reasonable is a determination for the Court, not the mediator, I believe my neutral's proposal was fully consistent with the internal logic of the

2

parties' arms-length negotiations, and that both sides were afforded a full, fair and informed opportunity, advised by counsel, to decide whether to enter into the Stipulation of Settlement.

Dated:  September 10, 2025

/s/ David M. Murphy
David M. Murphy