# Exhibit 2

## Lozada Declaration

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM Individually and on Behalf of All Others Similarly Situated, | Case No.  1:22-cv-01479-JPC-GS |
| Plaintiffs, | CLASS ACTION |
| v. | |
| TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P., | |
| Defendants. | |

**DECLARATION OF LEAD PLAINTIFF HUMBERTO LOZADA IN SUPPORT OF:**
**(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND**
**(II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION**
**EXPENSES, AND PLAINTIFFS' REASONABLE COSTS AND EXPENSES**

HUMBERTO LOZADA declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.      I am the Court-appointed Lead Plaintiff in this action (the "Litigation").[1]

2.      I submit this declaration in support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses.

3.      I have personal knowledge of the matters set forth herein based on my active participation in the prosecution of the Litigation.

## I.      MY OVERSIGHT OF THE LITIGATION

4.      My background and investments in TaskUs Class A stock are discussed in my prior declarations, dated February 20, 2022 (ECF 1 at 24-25 of 25), April 24, 2022 (ECF 15-1 & ECF 15-3); December 11, 2022 (ECF 26 at 96-97 of 102); and May 5, 2024 (ECF 73).

5.      Through consultation with Plaintiffs' Counsel, I decided to file the Litigation and, on October 20, 2022, the Court appointed me as Lead Plaintiff.  (ECF 20.)  I believe that the allegations in this action—including that Defendants raised over $1 billion while misrepresenting two of TaskUs's key business metrics—have a significant impact on the integrity of the markets in which I invest and accepted standards of corporate governance.

6.      Since my appointment, I have directly supervised Plaintiffs' Counsel and have been extensively involved in the prosecution and settlement of the Litigation, as discussed below.  The tasks that I have performed include:

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement, dated May 27, 2025 (the "Stipulation") (ECF 187-1), and the Declaration of Joseph A. Fonti in Support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses.

a. Regularly communicating with Plaintiffs' Counsel concerning the status, progress, and major strategy decisions regarding the Litigation;

b. Reviewing the complaints and major motions;

c. Assisting in locating, collecting, and preserving potentially relevant documents;

d. Responding to discovery requests, including requests for production, interrogatories, and requests for admission, and producing documents;

e. Preparing for and testifying at my deposition, which was taken in New York on July 10, 2024; and

f. Preparing for and participating in the mediation session with David Murphy on January 28, 2025, and ultimately authorizing Plaintiffs' Counsel to accept Mr. Murphy's recommendation on January 30, 2025.

## II.    APPROVAL OF THE SETTLEMENT

7.    I fully support final approval of the proposed Settlement.  The Settlement is the product of my, Oklahoma's, and Plaintiffs' Counsel's negotiation and careful consideration on behalf of the Settlement Class.

8.    On January 28, 2025, Chase Rankin, Oklahoma's Executive Director, and I participated in a full-day mediation session with Mr. Murphy, Plaintiffs' Counsel, Defendants' Counsel, and representatives of TaskUs's insurance carriers.  The parties engaged in good faith, arm's-length negotiations and exchanged several demands and counteroffers, but were unable to reach agreement.  At the conclusion of the session, Mr. Murphy made a mediator's recommendation to settle the action for a cash payment of $17.5 million.

9.      I carefully considered Mr. Murphy's recommendation with Plaintiffs' Counsel, including consideration of (among other things) the strength of the merits, the amount of estimated realistically recoverable damages, and the risks of further litigation.

10.      Based on my active involvement in the Litigation, my participation in the mediation session, and my understanding of the factors outlined above, I determined that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class.  I believe the Settlement represents an outstanding result and I strongly endorse approval of the Settlement by the Court.

## III.    LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

11.      I support Lead Counsel's motion for awards of attorneys' fees and litigation expenses.

12.      As Lead Plaintiff, in retaining BFA and Kehoe Law Firm, P.C. ("Kehoe") for this matter, I determined that BFA and Kehoe were particularly well qualified based on their experience successfully litigating securities class actions on behalf of investors.  I understood that Lead Counsel would devote the resources necessary to fully prepare the Class's claims for trial, if necessary, including by investing heavily in time and expenses to litigate this action.  In addition to BFA and Kehoe, Plaintiffs relied on valuable counsel from The Law Offices of Susan R. Podolsky.

13.      I recognize that the Court must approve any fee award.  Prior to seeking appointment as Lead Plaintiff, I negotiated and entered into a retention agreement whereby I authorized counsel to request a fee amount up to a certain percentage of the amount recovered in the Litigation.  The requested fee is a lower percentage than I authorized under my retention agreement with counsel.

14.    In light of the result achieved, the work performed, and the risks faced in the Litigation, I support Lead Counsel's request for a fee award of 30% of the Settlement Fund and believe the requested amount represents a reasonable attorneys' fee award.

15.    I further believe that the litigation expenses for which Lead Counsel are seeking reimbursement are reasonable, and represent costs and expenses necessary for the effective prosecution and resolution of this complex action.

## IV.    MY REASONABLE COSTS AND EXPENSES

16.    I understand that the PSLRA authorizes the award of class representatives' reasonable costs and expenses, including lost wages.  *See* 15 U.S.C. § 78u-4(a)(4). Accordingly, I seek an award of my reasonable costs and expenses incurred in connection with my representation of the Settlement Class.

17.    My reasonable costs and expenses in the Litigation total $9,750, consisting of the estimated cost of at least 68 hours that I devoted to the Litigation in place of my regular duties.  My work on behalf of the Settlement Class included approximately:

    a.   40 hours preparing for and attending my deposition in New York;

    b.   10 hours reviewing the complaints, opposition to motion to dismiss, and class certification briefs;

    c.   10 hours reviewing written discovery and assisting in responding to Defendants' discovery requests;

    d.   8 hours preparing for and attending the mediation remotely via Zoom.

18.    I believe $144 is a reasonable hourly rate for my time.  I am a business owner, and my estimated hourly rate based on my annual income, divided by the number of hours I expect to work in a year, is at least $240.

4

19.     Based on my estimate of time devoted to this Litigation and a $144 hourly rate, I seek an award of $9,750 as reimbursement for the value of my time incurred in connection with my representation of the Settlement Class.

## CONCLUSION

20.     As detailed above, I fully support final approval of the Settlement and Lead Counsel's motion seeking awards of attorneys' fees, litigation expenses, and Plaintiffs' reasonable costs and expenses.  Accordingly, I respectfully request that the Court grant: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses.


Dated:  September _4_, 2025

/s/ *Humberto Lozada*

Humberto Lozada