# Exhibit 3

## Rankin Declaration

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P., <br><br> Defendants. | Case No.  1:22-cv-01479-JPC-GS <br><br> CLASS ACTION |

**DECLARATION OF CHASE RANKIN, ON BEHALF OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, IN SUPPORT OF: (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFFS' REASONABLE COSTS AND EXPENSES**

CHASE RANKIN declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.      I am the Executive Director of Oklahoma Firefighters Pension and Retirement System ("Oklahoma"), and am authorized to speak for Oklahoma.[1]

2.      I submit this declaration in support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses.

3.      I have been Oklahoma's primary representative overseeing Plaintiffs' Counsel's prosecution of the Litigation and the negotiations leading to the proposed Settlement.  I have personal knowledge of the matters set forth herein based on my active participation in the prosecution of the Litigation.

## I.      OKLAHOMA'S OVERSIGHT OF THE LITIGATION

4.      Oklahoma's background and investments in TaskUs Class A stock are discussed in my prior declarations, dated December 16, 2022 (ECF 26 at 99-101 of 102); and May 10, 2024 (ECF 74).

5.      Oklahoma is a public pension fund established in 1980 to administer pension benefits for Oklahoma firefighters.  Oklahoma manages more than $4 billion on behalf of more than 26,000 participants.

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement, dated May 27, 2025 (the "Stipulation") (ECF 187-1), and the Declaration of Joseph A. Fonti in Support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses.

6.      In addition to this Litigation, Oklahoma has served as lead plaintiff and/or class representative in 11 securities class actions which have recovered more than $277 million for investors.[2]

7.      Oklahoma became involved in the Litigation in late 2022, filing the Amended Complaint with Lead Plaintiff Humberto Lozada on December 16, 2022 (ECF 26). Oklahoma believes that the allegations in this action—including that Defendants raised over $1 billion while misrepresenting two of TaskUs's key business metrics—have a significant impact on the integrity of the markets in which Oklahoma invests and accepted standards of corporate governance.

8.      Since that time, on behalf of Oklahoma, I have directly supervised Plaintiffs' Counsel and have been extensively involved in the prosecution and settlement of the Litigation, as discussed below.  The tasks that I have performed include:

    a.  Regularly communicating with Plaintiffs' Counsel concerning the status, progress, and major strategy decisions regarding the Litigation;

    b.  Reviewing the Amended Complaint and major motions;

    c.  Assisting in locating, collecting, and preserving potentially relevant documents;

---

[2] *Oklahoma Firefighters Pension and Ret. Sys. v. Six Flags Entertainment Corp.*, No. 4:20-cv-00201 (N.D. Tex.) ($40 million recovery); *In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-00209 (D.N.J.) ($100 million recovery); *In re Conduent, Inc. Sec. Litig.*, No. 2:19-cv-08237 (D.N.J.) ($32 million recovery); *Logan v. ProPetro Holding Corp.*, No. 7:19- cv-00217 (W.D. Tex.) ($30 million recovery); *In re Tower Grp. Int'l, Ltd. Sec. Litig.*, No. 1:13-cv-05852 (S.D.N.Y.) ($20.5 million recovery); *Avila v. LifeLock, Inc.*, No. 2:15-cv-01398 (D. Ariz.) ($20 million recovery); *Hall v. Rent-A-Center, Inc.*, No. 4:16-cv-00978 (E.D. Tex.) ($11 million recovery); *Weiner v. Tivity Health, Inc.*, No. 3:17-cv-01469 (M.D. Tenn.) ($7.5 million recovery); *In re Finisar Corp. Sec. Litig.*, No. 5:11-cv-01252 (N.D. Cal.) ($6.8 million recovery); *Santore v. Ixia*, No. 2:13-cv-08440 (C.D. Cal.) ($3.5 million recovery); *In re Rocket Fuel, Inc. Sec. Litig.*, No. 4:14-cv-03998 (N.D. Cal.) ($3.15 million recovery); *In re Miller Energy Res., Inc. Sec. Litig.*, No. 3:11-cv-00386 (E.D. Tenn.) ($2.95 million recovery).

d. Responding to discovery requests, including requests for production, interrogatories, and requests for admission, and producing documents;

e. Preparing for and testifying at my deposition, as Oklahoma's Rule 30(b)(6) designee, in New York on June 25, 2024; and

f. Preparing for and participating in the mediation session with David Murphy on January 28, 2025, and ultimately authorizing Plaintiffs' Counsel to accept Mr. Murphy's recommendation on January 30, 2025.

## II. APPROVAL OF THE SETTLEMENT

9. Oklahoma fully supports final approval of the proposed Settlement. The Settlement is the product of Oklahoma's, Mr. Lozada's, and Plaintiffs' Counsel's negotiation and careful consideration on behalf of the Settlement Class.

10. On January 28, 2025, Mr. Lozada and I (on behalf of Oklahoma), participated in a full-day mediation session with Mr. Murphy, Plaintiffs' Counsel, Defendants' Counsel, and representatives of TaskUs's insurance carriers. The parties engaged in good faith, arm's-length negotiations and exchanged several demands and counteroffers, but were unable to reach agreement. At the conclusion of the session, Mr. Murphy made a mediator's recommendation to settle the action for a cash payment of $17.5 million.

11. Oklahoma carefully considered Mr. Murphy's recommendation with Plaintiffs' Counsel, including consideration of (among other things) the strength of the merits, the amount of estimated realistically recoverable damages, and the risks of further litigation.

12. Based on Oklahoma's active involvement in the Litigation, its participation in the mediation session, and its understanding of the factors outlined above, Oklahoma determined that the proposed Settlement is fair, reasonable, and adequate to the Settlement

Class.  Oklahoma believes the Settlement represents an outstanding result and Oklahoma strongly endorses approval of the Settlement by the Court.

### III.    LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

13.    Oklahoma supports Lead Counsel's motion for awards of attorneys' fees and litigation expenses.

14.    In retaining BFA for this matter, Oklahoma determined that BFA was particularly well qualified based on its experience successfully litigating securities class actions on behalf of investors.  Oklahoma understood that Lead Counsel would devote the resources necessary to fully prepare the Class's claims for trial, if necessary, including by investing heavily in time and expenses to litigate this action.  In addition to BFA, Plaintiffs relied on valuable counsel from Kehoe Law Firm, P.C. and The Law Offices of Susan R. Podolsky.

15.    Oklahoma recognizes that the Court must approve any fee award.  Oklahoma authorized Lead Counsel to seek a 30% fee based on the circumstances of this case, comparable awards in similarly sized cases, and Oklahoma's experience as PSLRA lead plaintiff in other securities class actions.

16.    In light of the result achieved, the work performed, and the risks faced in the Litigation, Oklahoma supports Lead Counsel's request for a fee award of 30% of the Settlement Fund and believes the requested amount represents a reasonable attorneys' fee award.

17.    Oklahoma further believes that the litigation expenses for which Lead Counsel are seeking reimbursement are reasonable, and represent costs and expenses necessary for the effective prosecution and resolution of this complex action.

IV.    **OKLAHOMA'S REASONABLE COSTS AND EXPENSES**

18.    Oklahoma understands that the PSLRA authorizes the award of class representatives' reasonable costs and expenses, including lost wages. *See* 15 U.S.C. § 78u-4(a)(4). Accordingly, Oklahoma seeks an award of its reasonable costs and expenses incurred in connection with its representation of the Settlement Class.

19.    Oklahoma's reasonable costs and expenses in the Litigation total $7,000, consisting of the estimated cost of at least 68 hours that I devoted to the Litigation in place of my regular duties. Oklahoma does not seek an award for time devoted to the Litigation by any other Oklahoma personnel. My work on behalf of the Settlement Class included approximately:

      a.    20 hours preparing for and attending my deposition, as Oklahoma's Rule 30(b)(6) designee, in New York;

      b.    20 hours preparing for and attending the mediation in-person in New York;

      c.    10 hours preparing for and attending the motion to dismiss hearing;

      d.    9 hours reviewing written discovery and assisting in responding to Defendants' discovery requests;

      e.    8 hours reviewing the Amended Complaint, opposition to motion to dismiss, and class certification briefs;

      f.    1 hour preparing for and discussing the case with Oklahoma's Board to gain their approval to participate in the Litigation.

20.    Oklahoma believes $103 is a reasonable hourly rate for my time. My estimated hourly rate is derived from my annual salary and benefits, divided by the number of hours I am expected to work a year. Courts have reimbursed Oklahoma for the value of

the time I have devoted to other securities actions using the same hourly rate. *See In re Conduent Inc. Sec. Litig.*, No. 2:19-cv-08237-SDW-AME, ECF 144 ¶7 (D.N.J. May 24, 2023) & ECF 138-11 ¶9 (awarding costs and expenses for "time [Oklahoma] dedicated to the Action" based on hourly rate of $103); *Logan v. ProPetro Holding Corp.*, No. 7:19-cv-00217-DC, ECF 178 ¶10 (W.D. Tex. May 11, 2023) & ECF 172-2 ¶15 (awarding Oklahoma its "reasonable costs and expenses" based on hourly rate of $103).

21.     Based on my estimate of time devoted to this Litigation and a $103 hourly rate, Oklahoma seeks an award of $7,000 as reimbursement for the value of my time incurred in connection with its representation of the Settlement Class.

## CONCLUSION

22.     As detailed above, Oklahoma fully supports final approval of the Settlement and Lead Counsel's motion seeking awards of attorneys' fees, litigation expenses, and Plaintiffs' reasonable costs and expenses.  Accordingly, Oklahoma respectfully requests that the Court grant:  (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses.

Dated:  September 10, 2025

Chase Rankin

6