**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMBERTO LOZADA and OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM Individually and on Behalf of All Others Similarly Situated, | Case No.  1:22-cv-01479-JPC-GS <br><br> <u>CLASS ACTION</u> |
| Plaintiffs, | |
| v. | |
| TASKUS, INC., BRYCE MADDOCK, JASPAR WEIR, BALAJI SEKAR, AMIT DIXIT, MUKESH MEHTA, SUSIR KUMAR, JACQUELINE D. RESES, and BCP FC AGGREGATOR L.P., | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:**
**(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND**
**(II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION**
<u>**EXPENSES, AND PLAINTIFFS' REASONABLE COSTS AND EXPENSES**</u>

Plaintiffs and Lead Counsel respectfully submit this reply memorandum of law in further support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (the "Final Approval Motion") (ECF 192), and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses (the "Fee and Expense Motion") (ECF 194).[1]

The Settlement Class's uniformly positive response confirms that the Final Approval Motion and the Fee and Expense Motion should be granted. The September 25, 2025 objection deadline has expired, and there have been no objections to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or Plaintiffs' reasonable costs and expenses.

For context, the broad notice program has included the Claims Administrator's dissemination of the Notice to 34,433 potential Settlement Class Members, publication and transmission of the Summary Notice in *Investors' Business Daily*, via *PR Newswire*, and by the DTC LENS, and posting the Notice, Long-Form Notice, and other documents to a dedicated website. (ECF 196-4 ¶¶12-15; Supplemental Kimball Declaration ¶4.) The Notices advised Settlement Class Members of (among other things) the $17.5 million Settlement Amount; the terms of the proposed Plan of Allocation; and Lead Counsel's requests for attorneys' fees, expenses, and Plaintiffs' reasonable costs and expenses. (*See, e.g.*, ECF 196-4, Ex. 1.)

After completion of this robust Court-approved notice program and the passage of the September 25, 2025 deadline to object to the Settlement, no objections were filed with the Court

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement, dated May 27, 2025 (the "Stipulation") (ECF 187-1) and the Declaration of Joseph A. Fonti in Support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Plaintiffs' Reasonable Costs and Expenses (the "Fonti Declaration" or "Fonti Decl."). (ECF 196.) Citations and internal quotations are omitted and emphases are added unless otherwise noted.

or received by the Claims Administrator.  (*See* Supplemental Kimball Declaration ¶12.)  Moreover, no Settlement Class Members have sought exclusion (*id.* ¶11), and the August 21, 2025 deadline to do so expired nearly two months ago.

Further demonstrating the Settlement Class's favorable reaction to the Settlement, Settlement Class Members have submitted thousands of claims to date.  As of the October 6, 2025 claims deadline, the Claims Administrator has received 2,664 claims.  (*Id.* ¶8.)[2]

This positive response strongly supports final approval.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor" in considering settlement approval); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("the absence of objections by the class is extraordinarily positive and weighs in favor of settlement").

Accordingly, for the reasons previously stated, the Court should grant final approval of the Settlement, approve the Plan of Allocation, and finally certify the Settlement Class.

Likewise, there have been no objections to Lead Counsel's request for attorneys' fees, litigation expenses, and Plaintiffs' reasonable costs and expenses.  The lack of objections weighs strongly in favor of granting the Fee and Expense Motion.  *See Signet*, 2020 WL 4196468 at *21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable.").

---

[2] For additional claims submitted after October 6, 2025, as previously ordered, Lead Counsel shall have the discretion (but not the obligation) to accept such late-submitted claims for processing so long as distribution of the Net Settlement Fund is not materially delayed thereby.  ECF 191 ¶11(a).

Thus, Plaintiffs and Lead Counsel respectfully request that the Court grant the Final Approval Motion and the Fee and Expense Motion.

Dated:  October 9, 2025

Respectfully submitted,

/s/ Joseph A. Fonti

Joseph A. Fonti
Nancy A. Kulesa
Evan A. Kubota
Thayne Stoddard
**BLEICHMAR FONTI & AULD LLP**
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
nkulesa@bfalaw.com
ekubota@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff Humberto Lozada
and Named Plaintiff Oklahoma Firefighters
Pension and Retirement System*

John A. Kehoe
Michael K. Yarnoff
**KEHOE LAW FIRM, P.C.**
2001 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Telephone: (212) 792-6676
jkehoe@kehoelawfirm.com
myarnoff@kehoelawfirm.com

*Additional Counsel for Lead Plaintiff
Humberto Lozada*

3

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I certify that this memorandum of law does not exceed 3,500 words and, thus, complies with Local Civil Rule 7.1(c) and Section 2.B of the Court's Individual Rules and Practice in Civil Cases, as revised on March 14, 2025. The total number of words contained in the foregoing brief, exclusive of the caption, table of contents, table of authorities, signature block, and this certificate, but including footnotes, is 684 words. In preparing this certificate, I have relied on the word count of the word-processing program used to prepare this brief.

Dated:  October 9, 2025                                    /s/ *Joseph A. Fonti*
          New York, New York                              Joseph A. Fonti